## Commonwealth, Appellant, v. Sheppard.

*Criminal law—Indictment— Grand jury—Preliminary hearing—District attorney.*

In the absence of some pressing and adequate necessity it is improper for the district attorney to send an indictment before the grand jury without a preliminary hearing, or the sanction of the court.

Where the indictment is sent up by the district attorney without first obtaining the leave of the court, the discretion of the court may be invoked, and is exercisable upon a motion to quash. If the court refuses to quash, this, ordinarily, is equivalent to giving its sanction. If the court sustains the motion to quash, this is tantamount to refusing its approval of the action of the district attorney. In either case the action of the court is not reviewable on appeal, except for manifest and flagrant abuse of discretion.

Argued April 21, 1901.   Appeal, No. 136, April T., 1902, by plaintiff, from order of Q. S. Fayette Co., Sept. T., 1901, No. 175, quashing indictment in case of Commonwealth v. George C. Sheppard, George Shaffer, Charles F. Swift, William H. Gladden, John H. Lucas and J. C. Carpenter.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Motion to quash indictment for conspiracy.

The second reason for quashing the indictment was as follows :

The information and record thereof in the office of the clerk of said court, shows that the information was made by Rev. A. W. Robertson, a member of the Pittsburg Conference of the Methodist Protestant Church, against the defendants, who were all members of the same conference, and whose places of residence were consequently well known to the prosecutor; that said information was made on August 12, 1901, before Joseph

**418**    COMMONWEALTH, Appellant, *v.* SHEPPARD.

Statement of Facts—Opinion of the Court. [20 Pa. Superior Ct.

H. Wilson, Esq., a justice of the peace of the said county, residing at Dunbar borough; that the warrant for the arrest of the defendants was issued by the justice the same day, and placed in the hands of Constable A. C. Duncan, who returned the same to the justice aforesaid on August 23, 1901, indorsed as follows: "Not found in constable's bailiwick. Therefore, defendants not arrested." The information and transcript of the justice were not filed in the office of the clerk of said court, until September 4, 1901. The same day the bill of indictment was presented to the grand jury by the district attorney and returned "true bill." Upon this finding of the grand jury a process was issued by said court on September 5, 1901, and the defendants were arrested and brought into court. This was the first notice to the defendants that any such prosecution had been begun against them. Because they were in this manner deprived of the right of a preliminary hearing in the usual manner before the justice issuing the warrant, or some other justice of the peace, the bill of indictment cannot be sustained but must be quashed.

The court made the following order:

Now, to wit: December 4, 1901, upon and after due consideration of the reasons alleged in the motion to quash it is ordered and directed that the first, third and fourth reasons be overruled and dismissed and that, under the authority of Commonwealth v. Lowry, 2 Luz. Leg. Obs. 409, the second reason be sustained and the indictment be and the same is hereby accordingly quashed.

*Error assigned* was the order of the court.

*W. C. McKean*, of *Robinson & McKean*, with him *Alfred E. Jones*, district attorney, for appellant.—The action of the district attorney was proper: Brown v. Com., 76 Pa. 319; McCullough v. Com., 67 Pa. 30; Rowand.v. Com., 82 Pa. 405.

*D. M. Hertzog*, for appellees, cited: Com. v. Bradney, 126 Pa. 199; Rowand v. Com., 82 Pa. 405; Com. v. Lowry, 2 Luz. Leg. Obs. 409; Com. v. Reynolds, 2 Kulp, 345.

RICE, P. J., May 22, 1902:

This is an appeal from an order quashing a bill of indictment

sent before the grand jury without a preliminary hearing or the sanction of the court. The only reason suggested in justification of this mode of procedure, which by all the authorities is declared to be extraordinary, is, that if the indictment had not been sent up at that term, the prosecution would have been barred by the statute of limitations. If the crime charged were of a grave public nature, this would have been a very strong reason to be addressed to the discretion of the court below in support of the action of the district attorney. But it is to be observed that the offense charged was not of that nature, that it does not appear that the defendants were fugitives from justice, and that no reason appears for delaying the prosecution until it was too late to proceed in the ordinary way. To hold that it was reversible error to quash the indictment would be to make the court subservient to the district attorney in such matters, and to declare, impliedly, that if the sanction of the court had been asked before the indictment was sent up, it would have been its imperative duty to grant it. This is the conclusion to which the argument of the appellant's counsel would logically lead. This position cannot be sustained under the authorities. The exercise of this extraordinary power by the district attorney is always subject to the supervisory control of the court. Cases can be conceived where the ends of justice would be defeated by the delay and publicity of a motion in open court for leave to send up an indictment, and in such cases it would be the duty of the prosecuting officer to act promptly and upon his own responsibility. While, however, the possession of this exceptional power by prosecuting officers cannot be denied, its employment can only be justified by some pressing and adequate necessity. When exercised without such necessity, or merely to suit the convenience, the pleasure or other private purpose of the prosecutor, it is the duty of the court to set the officer's act aside. In such cases, that is, where the indictment is sent up by the district attorney without first obtaining the leave of the court, the discretion of the court may be invoked, and is exercisable upon a motion to quash. If the court refuses to quash, this, ordinarily, is equivalent to giving its sanction. If the court sustains the motion to quash, this is tantamount to refusing its approval of the action of the district attorney. In either case the action of the court is not reviewable on appeal,

except for manifest and flagrant abuse of discretion. In support of the foregoing conclusions we need only cite the cases of Rowand v. Commonwealth, 82 Pa. 405, and Commonwealth v. Green, 126 Pa. 531, where the powers of the district attorney, the supervisory powers of the quarter sessions and the revisory power of the appellate courts are fully considered and clearly defined. Applying the principles enunciated in those cases, which have been repeatedly recognized and followed by this court, we conclude that there was no such abuse of discretion as requires or would justify a reversal of the order. The distinction between such a case as this and an indictment founded on the sworn return of a constable which it was the duty of the latter to make was pointed out in Commonwealth v. New Bethlehem Borough, 15 Pa. Superior Ct. 158.

The order is affirmed.