# Commonwealth *v.* Stoner, Appellant.

*Criminal law—Evidence of good character—Charge.*

Where the court on the trial of a criminal indictment correctly and properly charges as to the consideration to be given to evidence of good character, it cannot be convicted of error in further charging as follows: "This does not mean that because a man has behaved well in a certain particular heretofore, and has there and then ceased to behave well and has in fact committed the crime charged, it does not mean that if he is guilty he shall be acquitted or have any benefit of the fact that he has heretofore behaved well, but it does mean that in determining whether you are satisfied beyond a reasonable doubt that he is guilty, that he did commit the act, you shall give him the benefit of a full and fair consideration of the evidence of good reputation in connection with all the other evidence in the case."

*Indictment—Second indictment after first had been ignored—Discretion of court.*

In a criminal prosecution it is within the discretion of the lower court to permit the district attorney to submit a new bill after the first indictment has been ignored.

*Criminal law—Arrest of judgment—Quashing indictment—Production of letter before grand jury.*

Where on the trial of an indictment a letter was produced which the defendant admitted he had written, the court will not after a verdict of guilty, quash the indictment on the ground that the same letter had been produced by a witness before the grand jury without any proof the letter had been written or signed by the defendant.

*Criminal law—New trial—Discretion of court.*

The refusal of a new trial after a verdict of guilty in a criminal prosecution is not ground for error where the court in passing upon alleged·after-discovered evidence, does not abuse its discretion.

Argued Nov. 20, 1917. Appeal, No. 83, Oct. T., 1917, by defendant, from judgment of O. & T. Chester Co., August Sessions, 1916, No. 16, on verdict of guilty in case of Commonwealth v. Edward D. Stoner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for statutory rape. Before BUTLER, P. J.
The opinion of the Superior Court states the case.
Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were various instructions and rulings sufficiently set forth in the opinion of the Superior Court.

*S. Duffield Mitchell,* for appellant.—The trial judge substantially instructed the jury that if the defendant was guilty he was not to have any benefit of his previous good reputation. This was error: Com. v. Cate, 220 Pa. 138; Com. v. Ronello, 251 Pa. 329; Com. v. Cleary, 135 Pa. 64; Hanney v. Com., 116 Pa. 322; Com. v. Howe, 35 Pa. Superior Ct. 554; Com. v. Mandela, 48 Pa. Superior Ct. 56; Com. v. Kester, 58 Pa. Superior Ct. 509; Com. v. House, 223 Pa. 487; Com. v. Andrews, 234 Pa. 597.

The court abused its discretion in permitting the district attorney to submit a new bill: Com. v. Ramsey, 20 Pa. Superior Ct. 417; Com. v. Sheppard, 24 Pa. C. C. R. 543; Com. v. Whitaker, 25 Pa. C. C. R. 42; Com. v. Allen, 14 Pa. C. C. R. 546; Com. v. Brubaker, 18 Dist. Ct. 382; Com. v. Cooke, 17 Dist. Rep. 871; Rowand v. Com., 82 Pa. 405.

The letter was improperly before the grand jury: Com. v. Edmiston, 30 Pa. Superior Ct. 54; Com. v. Price, 3 Pa. C. C. R. 175; Com. v. Wilson, 9 Pa. C. C. R. 24; Com. v. Audruchek, 26 Pa. Dist. Rep. 923.

*Harris L. Sproat,* Assistant District Attorney, with him *Truman D. Wade,* District Attorney, for appellee.

OPINION BY PORTER, J., October 12, 1918:

The defendant was convicted of statutory rape and appeals from that judgment. The first seven and the ninth specifications of error refer to the comments of the learned judge of the court below, in his charge, upon the testimony introduced by the prosecution and the defense, respectively. The learned counsel for the appellant contends that the court magnified the importance of the Commonwealth's theory and minimized that of the defendant. Careful consideration of the charge has led us to the conclusion that it is not subject to this imputation. The court did fairly state the contention of the Commonwealth, but in connection therewith it expressly instructed the jury "whether or not that contention is sound is absolutely for you." The court also impartially stated the contention of the defendant, in a manner which afforded no reasonable ground for complaint. The court did not pretend to fully state the testimony on either side and distinctly said to the jury that it was not his intention to do so and it was their duty to consider all the testimony and rely upon their own recollection of it and not that of the court. The mere fact that the comments of the court upon the evidence produced by the prosecution occupy more space in the printed charge than the comments upon the evidence of the defendant, does not stamp the charge as partial or one-sided. Much of what the court said about the testimony of the witnesses for the prosecution related to contradictions and inconsistencies in that testimony, calling the attention of the jury thereto and properly leaving to that body the credit to be given such testimony.

The eighth specification of error refers to the instruction of the court as to the effect to be given evidence of good reputation. The court introduced this part of his charge by saying: "I am going to in part, indeed largely say what I have to say on the legal significance of proof of good reputation by affirming these points presented by the defense." "First. Evidence of good reputation, pro-

duced in behalf of the defendant in a trial upon an indictment, is substantive evidence, to be weighed and considered by the jury in connection with the other evidence in the case. If evidence of good character combined with all the other evidence in the case creates a reasonable doubt of the defendant's guilt in the minds of the jury, then the defendant should be acquitted." "Second. Such evidence of good character, produced in behalf of the defendant in a trial upon an indictment, is offered not simply to raise a reasonable doubt as to the defendant's guilt, but to establish in the minds of the jury, the innocence of the defendant, and is to be regarded as a fact like any other fact tending to establish the innocence of the defendant and must be so regarded by the jury. Such evidence does not raise a distinct issue and is not brought into the case as a mere make-weight. It must be taken into account with all the other evidence in the case, and if the whole of that evidence is sufficient in the judgment of the jury to show that the defendant is not guilty or to create a reasonable doubt on that point, the defendant must be acquitted." "Third. By the term substantive evidence, is meant in law that evidence which is material and essential to the issue of guilt or innocence and such evidence of good character may have the effect to create a reasonable doubt of defendant's guilt, where without it there might be a conviction." "Fourth. Good character is of importance in this: That it may, of itself, in spite of all evidence to the contrary, raise a reasonable doubt in the minds of the jury, and so produce an acquittal." "We affirm all these points." Immediately following this we find the language complained of in this specification of error. "Evidence of good reputation prior to the alleged commission of an offense is substantive proof to be considered by the jury on the trial of the charge, and, if considered in connection with all the evidence, a real doubt, a reasonable doubt as to the defendant's guilt arises, the defendant must be acquitted. This does not mean, I need hardly

say to you, that because a man has behaved well in a certain particular heretofore, and has there and then ceased to behave well and has in fact committed the crime charged, it does not mean that if he is guilty he shall be acquitted or have any benefit of the fact that he has heretofore behaved well, but it does mean that in determining whether you are satisfied beyond a reasonable doubt that he is guilty, that he did commit the act, you shall give him the benefit of a full and fair consideration of the evidence of good reputation in connection with all the other evidence in the case." The learned counsel for the defendant ably contends that this instruction was erroneous and in support of that contention cites Commonwealth v. Cate, 220 Pa. 138; Commonwealth v. House, 223 Pa. 487; Commonwealth v. Andrews, 234 Pa. 597; Commonwealth v. Ronello, 251 Pa. 329. The first part of the last sentence in the above-quoted instruction assigned for error, if it stood alone, would clearly have been erroneous. It would have been subject to the criticism pronounced by Mr. Justice ELKIN upon the charge considered by the Supreme Court in Commonwealth v. Cate, 220 Pa. 138, viz: "While this instruction might be understood by the legal mind as fairly within the rule above stated, it would be confusing to jurors and might lead them to disregard evidence of good character altogether, if from all the other evidence they reached the conclusion that the defendant was guilty. This would clearly be error." When, however, the court added, "but it does mean that in determining whether you are satisfied beyond a reasonable doubt that he is guilty, that he did commit the act, you shall give him the benefit of a full and fair consideration of the evidence of good reputation in connection with all the other evidence in the case," the jury were no longer likely to be misled. These were the last words of the court to the jury upon the subject and we are of opinion that this instruction could not have led them "to disregard evidence of good character altogether, if from all the other evidence they

reached the conclusion that the defendant was guilty."
This brought the instruction into complete harmony
with the first request for instructions, above quoted, pre-
sented by the defendant. Considering all that the court
said upon the subject the jury must have understood
that evidence of good character is substantive evidence,
material and essential to the guilt or innocence of the
defendant; that it might have the effect to create a rea-
sonable doubt, where without it there might be a con-
viction, and it was their duty to give full and fair con-
sideration to such evidence, in connection with all the
other evidence in the case.

An information having been made against the defend-
ant he was, after a hearing, held to bail by the magis-
trate to answer the charge at the next court of Oyer and
Terminer. An indictment was presented to the grand
jury at the next session of the court and ignored. The
district attorney presented his petition to the court
and obtained a rule on the defendant to show cause why
the case should not be submitted to the next grand jury.
The defendant after being served with notice filed an an-
swer, and the court after a hearing ordered that indict-
ment be submitted to the next grand jury, which was sub-
sequently done and a true bill found. The defendant
moved to quash the indictment, upon the ground that the
bill submitted to the former grand jury had been ignored,
that there had been no new information and that this
was a district attorney's bill. The court overruled the
motion to quash, which action is the subject of the tenth
specification of error. That it was within the discretion
of the court below to permit the district attorney to sub-
mit a new bill, after the first indictment had been ig-
nored, is too well settled to require discussion: Rowand
v. Commonwealth, 82 Pa. 405; Commonwealth v. Shep-
pard, 20 Pa. Superior Ct. 417. This specification is over-
ruled. After verdict the defendant moved to quash the
indictment upon the ground that, after the verdict, he
had discovered that a letter, purporting to have been

signed by the defendant, which was not in fact proved before the said grand jury to have been written or signed by the defendant, had been submitted to the grand jury, and, at the same time, made a motion in arrest of judgment upon the same ground. The court overruled these motions, which action is the subject of the eleventh, twelfth, thirteenth and fourteenth specifications of error. The only evidence in support of the allegation that such a letter had been introduced was the testimony of one of the grand jurors, who testified that a letter had been introduced before the grand jury, at the time of the hearing upon this bill. He was then asked this question: "Q. Was that letter proven to have been written by any one? A. Nothing further than the lady said she had received the letter; that the letter had been received by these people. I understood it to be sent to a party at Lancaster, as my recollection of it is, the Aid Society, as I recall it." The witness further said that it purported to be a letter written by the defendant, that, as he recalled it, he thought it was the mother of the little girl who had the letter, but on that point he was not positive. A letter was then read to the witness and he testified that that was the letter which had been submitted to the grand jury by the witness, some lady, and read to the grand jury by one of their own number. This was the same letter which had been produced at the trial of the cause, and which the defendant admitted that he had written. There was nothing in the testimony of this grand juror which would have warranted a finding that the letter had been produced by a party who had not been sworn as a witness. The grand juror said that it had been produced by a lady, that he thought it was the mother of the little girl, but upon that point he was not certain. The mother of the little girl was a witness before the grand jury as was also Caroline Harry, the prosecutrix. The burden of the complaint is not that a spurious letter was submitted to the grand jury, but that an admittedly genuine letter of the defendant was sub-

mitted without having been duly proved. Now the only evidence that we have as to whether the authenticity of the letter was properly established was that of the grand juror, and the sum total of it is the question and answer above quoted. He did not state what questions had been asked of the witness who produced the letter. He was not a lawyer, he may have thought that the only way to prove the genuineness of the letter was to call the person who had received it. It cannot be assumed from anything he said that the witness who produced the letter was not perfectly familiar with the handwriting of the defendant. An indictment is not to be quashed nor a judgment arrested, after verdict, upon the ground that some witness before the grand jury has testified to matters which were mere hearsay, or a letter has been produced by some witness, duly sworn, who was not in fact acquainted with the handwriting of the defendant.

The fifteenth specification of error refers to the refusal of the court to grant a new trial. The appellant was ably defended by learned counsel. The manner in which the witnesses were examined and the rights of the defendant protected in the court below as well as in this court, leaves no doubt in our mind that all the inconsistencies and contradictions presented by the testimony of the witnesses for the Commonwealth were very clearly called to the attention of the jury. That there were such inconsistencies and that some of the witnesses had told contradictory stories, at different times, may be admitted, but still there was evidence sufficient to sustain this conviction. We cannot say that the testimony was not such as to warrant the jury in finding beyond a reasonable doubt that the defendant was guilty. The record of the trial presents nothing of which the defendant has just ground for complaint. The alleged after-discovered testimony to the effect that two witnesses had seen the young girl in question in the barn on the defendant's farm, some time in May, 1915, in company with the bound boy who worked upon the farm was not of such a character

as to require that the court should grant a new trial. The witnesses did not pretend to say that they noticed any suspicious circumstances. The evidence at the trial clearly indicated that the duties of the young girl required her at times to go from the house to the barn and that the boy worked regularly upon the farm and about the barn. It could hardly be said to be even a suspicious circumstance that these young people might happen to be at the barn, under the circumstances testified to by the witnesses. We cannot say that the court below abused its discretion when it refused a new trial. All the specifications of error are overruled.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time this appeal was made a supersedeas.