## Commonwealth v. Sykes.

*Criminal law—Indictment—District attorney's bill—Leave of court to submit bill—Former jeopardy.*

1. Permission to submit a district attorney's bill of indictment should be given only in exceptional cases when the court is satisfied that thereby something more than the convenience of public prosecuting officers is served.

2. A district attorney's bill should not be presented to the grand jury without leave of court, but such leave may be signified by overruling a motion to quash the indictment.

3. Where a defendant is tried upon three indictments, but the court submits only one of them to the jury, the defendant is in actual jeopardy as to the other two and cannot again be tried upon them.

Motion to quash indictment. Q. S. Delaware Co., March Sess., 1922, No. 79.

*W. S. Sykes,* for motion; *William Taylor,* District Attorney, contra.

RENO, J., 31st judicial district, specially presiding, March 26, 1923.—The defendant was originally tried before Hon. J. Frank Hause, judge of the 15th judicial district, specially presiding, upon indictments charging *(a)* extortion in violation of the Act of March 31, 1860, P. L. 382; *(b)* blackmail in violation of the Act of May 27, 1897, P. L. 111; and *(c)* blackmail in violation of the Act of June 9, 1911, P. L. 833. The defendant entered pleas of not guilty, and one jury was sworn to try all of the indictments. In submitting the cases to the jury, Judge Hause charged:

"Members of the jury: This defendant stands indicted under three separate bills. They charge substantially the same offence. I am going to submit for your consideration the question of his guilt or innocence under one of the indictments. The one that is submitted under an act of assembly passed by our State legislature in 1911."

Formal verdicts of not guilty were neither taken nor entered as to the indictments not submitted to the jury. But it is conceded that, as to them, defendant was in actual jeopardy, and we do not understand that the Commonwealth purposes again to press those charges. If so, defendant will, of course, interpose a plea of former jeopardy.

Upon that indictment, which was submitted, the jury disagreed and was discharged by Judge Hause. The case was subsequently called for trial before the writer, when defendant moved to quash the bill of indictment. It appears that a similar motion had been presented to Judge Hause and decision thereon reserved, but the writer is assured that Judge Hause feels that the decision should be made by that judge before whom the case was last tried.

The motion to quash, in substance, alleges that the bill of indictment is not founded upon an information or, to state the contention more accurately, that the information upon which it is founded is not sufficiently broad to sustain this bill of indictment, and that, having been presented to the grand jury without leave of court, it is defective. It is true that the bill was submitted to the grand jury without prior leave of court. However, leave of court is evidenced not alone by formal endorsement thereof upon the bill of indictment before submission to the grand jury; the court may signify its permission by overruling a motion to quash: Com. *v.* Sheppard, 20 Pa. Superior Ct. 417; Com. *v.* Sharpless, 31 Pa. Superior Ct. 96. Hence, we are able to grant leave even at this stage of the proceedings.

Naturally, such permission should be given only in those exceptional cases when the court is satisfied that thereby something more than the convenience of public prosecuting officers is served. Without pretending to have that

Commonwealth *v.* Sykes.

accurate information of local conditions which always resides in the bosom of judges, and upon which decisions of discretionary nature are frequently based, the writer is, nevertheless, satisfied that the occasion and motive which prompted the District Attorney to resort to this extraordinary method of procuring an indictment were proper and that the ends of justice were thereby subserved. Having affirmed that these reasons are substantial, it is not necessary to set them forth here. The motion to quash is, therefore, overruled and the action of the District Attorney is thereby sanctioned. This disposition of the case relieves us of the necessity of determining whether the bill is adequately supported by information.

Now, March 26, 1923, motion to quash overruled.

From A. B. Geary, Chester, Pa.