## Commonwealth *v.* Mack, Appellant.

*Criminal law—Keeping bawdy house—Good character—Evidence— Value —Charge of court.*

In the trial of an indictment for keeping a bawdy house it is error to charge that "good character of the defendant is not of itself a sufficient fact from which a reasonable doubt of guilt may arise. A reasonable doubt of guilt must arise from all of the evidence in the case."

Evidence of good character is substantive and must be treated as

such.  It is not a mere makeweight to be thrown in to determine the balance in a doubtful case, but it may of itself, by the creation of a reasonable doubt, produce an acquittal.

Argued October 24, 1927.  Appeal No. 45, February T., 1927, by defendant from judgment of Q. S. Lackawanna County, November Sessions, 1926, No. 139, in the case of Commonwealth of Pennsylvania v. Joseph Mack.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.  Reversed.

Indictment for keeping a bawdy house.  Before WATSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendant appealed.

*Errors assigned,* were various rulings on evidence, the charge of the Court and refusal to direct verdict in favor of the defendant.

*John Memolo,* for appellant.

*Joseph B. Jenkins,* Assistant District Attorney, and with him *J. Julius Levy,* Assistant District Attorney, and *Harold A. Scragg,* District Attorney, for appellee.

OPINION BY TREXLER, J., December 15, 1927:

Were it not for the single error committed by the trial judge in charging the jury as to the consideration to be given to evidence of good character, we could affirm the judgment.  In view of the many precedents upon this subject, we are compelled to sustain the sixteenth assignment of error.  The part of the charge referred to reads as follows:  "And then with reference to the character witnesses.  I will charge you as to what weight to give to the character testimony.  There was evidence regarding the good character of this defendant.  This you may consider in connection with

other evidence. However, the good character of the defendant is not of itself a sufficient fact from which a reasonable doubt of guilt may arise. A reasonable doubt of guilt must arise from all of the evidence in the case.''

There may be room for criticism in the use of the word ''may'' in the sentence, ''This you may consider in connection with the other evidence.'' ''Must'' or ''should'' would have been better, but the defect in the instruction is contained in the words ''However, the good character of the defendant is not of itself a sufficient fact from which a reasonable doubt of guilt may arise.'' The question of good character does not raise a distinct issue and must be considered as the court properly charged in connection with the other facts in the case, still it may be the factor which causes reasonable doubt of guilt to arise. The defendant was charged with keeping a bawdy house and there were several witnesses who testified to his good character as to chastity and morality. He was entitled to have this go to the jury under proper instructions from the court and although we may well question whether the mistake of the judge affected the conclusion reached by the jury, we cannot depart from the decisions, which are manifold, showing that the instructions in this case were erroneous. It is best for the trial judge to follow the beaten path. In our case of Com. v. Kester, 58 Penna. Superior Ct., 509-514, Judge RICE says, ''It is settled beyond controversy in Pennsylvania that evidence of good character is substantive and must be treated as such; that it is not a mere makeweight to be thrown in to determine the balance in a doubtful case, but that it may of itself by the creation of a reasonable doubt, produce an acquittal.'' A number of cases were cited in support of that assertion. See also, Com. v. Cate, 220 Pa., 139; Com. Dwyer, 79 Pa. Superior Ct. 485.

The learned trial judge conceded that in instructing

the jury that evidence of good repute was not sufficient to give rise to a reasonable doubt was error, and if he believed this error did the defendant any harm whatever, he would promptly grant a new trial. He was convinced that the error might justly be classed as "harmless." In view of the fact that in many cases in our reports the so-called "harmless" error resulted in a reversal, we are constrained, reluctantly, to send the case back for a retrial. The question as to whether the defendant was engaged in keeping a bawdy house was disputed and we cannot treat the evidence of good character as immaterial. See Com. v. Cleary, 135 Pa. 64-85.

As to the other assignments of error, we need not make any extended comment. There was error in the rejection of evidence as to who the lessee of the City Line Hotel was, but this was not harmful because the fact was abundantly established by various witnesses. Moreover, the proof narrowed itself down to the fact whether this defendant was in the house conducting the business at the time he was arrested. His acts would seem to furnish abundant proof of that and his admission, if believed, would furnish cumulative evidence to that effect.

The court, in its charge to the jury, stated that counsel had admitted that the premises in which the defendant was arrested had been a bawdy house. This statement of the court was allowed to go unchallenged, although the court, at the conclusion of its charge asked: "Is there anything further?" The assignments alleging error in the admission of certain proof as to the City Line Hotel being a bawdy house require no notice, in view of the fact that the question whether or not this was a bawdy house was, as stated above, not controverted.

The judgment is reversed with a new venire.