## Commonwealth of Pennsylvania *v.* John Witt, Appellant.

*Criminal law—Trial—Charge—Review of testimony—Reasonable doubt—All jurors convinced—Sufficiency of charge.*

On the trial of an indictment for assault and battery, where the judge's charge cautioned the jury to take the testimony as they recalled it from the witnesses and not from the court, slight inaccuracies in reviewing the testimony by the court do not warrant the reversal of a conviction.

A refusal to charge that if any one of the jurors had a reasonable doubt of defendant's guilt he should be acquitted, is not ground for reversal where the jury was instructed that to convict the defendant every one of them must be convinced of his guilt beyond a reasonable doubt.

An instruction to the jury that if they believed defendant had established a good character they should consider it like any other evidence in determining his guilt or innocence, is sufficient, particularly in view of the affirmance of the defendant's point for charge that evidence of good character is substantive and may be sufficient, standing alone, to create a reasonable doubt.

Argued March 5, 1928. Appeal No. 37, February T., 1928, by defendant from judgment and sentence of Q. S., Luzerne County, No. 143, November Sessions, 1927, in the case of Commonwealth of Pennsylvania

v. John Witt. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for assault and battery. Before JONES, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the charge of the court.

*Paul J. Sherwood,* for appellant.

*Herman J. Goldberg,* Assistant District Attorney, and with him *Thomas M. Lewis,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., April 26, 1928:

Under an indictment, charging him in the first count with assault and battery with intent to ravish and in the second with simple assault and battery, appellant was convicted upon the second count and now appeals from the sentence imposed by the court below. A recital of the facts is unnecessary as an examination of the record shows that the case was clearly one for the jury and that there was evidence which, if believed, would have justified a conviction upon the first count. The first, second, third and fourth assignments of error are based upon an alleged misstatement of the evidence by the trial judge and upon the contention that the testimony for the Commonwealth was unduly emphasized in the charge. We have carefully examined this matter and are not persuaded that the slight inaccuracy referred to was material or could possibly have harmed the defendant. The charge as a whole was adequate and in our opinion the issues

arising under the conflicting testimony of the prosecu-
trix and the defendant, each of whom was corroborated
to some extent by disinterested witnesses, were im-
partially submitted to the jury.

Before reviewing the testimony the learned trial
judge said: "You recall the testimony, and I want to
caution you that you take the testimony from the wit-
nesses and not from the Court, and if I may not call
your attention to the testimony of all of the witnesses,
if I should omit any part of it, that doesn't mean that
that testimony is not important, because all of the
testimony that you heard from the witness stand is
important, and you must consider it all as it came from
the witnesses and not from the Court." After sum-
marizing the evidence for the Commonwealth and for
the defendant he said: "Now, you see this case, the
nub of this case, depends upon the credibility of one or
the other of these people. Who is telling the truth,
this young girl or this man?" These assignments are
dismissed.

The fifth assignment charges error in refusing de-
fendant's eighth point, concerning which the court
said: "The 8th point as stated I cannot affirm, and
therefore shall not read it to you." This point closed
with this language: "and if, after giving the case in all
its material features and phases such careful consid-
eration any one or more of your number should enter-
tain a reasonable doubt of his guilt, you ought not
to convict."

The sixth assignment is based upon the refusal of
a similar point which concluded with a request for an
instruction that, if any one or more of the jurors "has
such a reasonable doubt, this defendant should be ac-
quitted." This assignment was abandoned at the oral
argument. Referring to these points in the opinion
refusing a new trial the trial judge said:

"These points could not have been affirmed as
stated; they would have been affirmed if not coupled

with the statement that if one of the jurors had a reasonable doubt of the guilt of the defendant, such juror ought not to surrender and vote to convict out of deference to the other eleven jurors, or if any one or more of their number had a reasonable doubt the defendant should be acquitted. It was asking the court to direct eleven jurors, satisfied of defendant's guilt, to surrender their judgment to the one and return a verdict of not guilty. Such a condition might result in a disagreement, but could not and should not result in an acquittal.

"We covered this suggestion of counsel in our charge as follows: 'Now everyone of the jurors must be convinced of the prisoner's guilt in order that his conviction should be sustained. The law contemplates and demands the concurrence of twelve men in the conclusion that the accused is guilty as indicted before he can be convicted. Each individual man has to arrive at this conclusion separately. Each juror, having in view the oath he has taken and his duty and responsibility thereunder, should have his own mind convinced beyond a reasonable doubt from all the evidence before he can conscientiously consent to a verdict of guilty.' "

We think the trial judge was justified in refusing the points as they were drawn and that he correctly instructed the jury upon this subject in the above quotation from his charge. The fifth and sixth assignments are overruled.

The seventh assignment alleges error in charging the jury with reference to the nature and possible effect of the evidence introduced by the defendant for the purpose of showing his previous good reputation for chastity and morality. The trial judge in his general charge directed the attention of the jury to the fact that, in addition to his positive denial of the testimony of the prosecutrix, the defendant had introduced evidence of good character and then said: "Now, if

you believe that they have established good character, then that like any other evidence in the case should be taken up and considered by you in determining the guilt or innocence of this defendant, and the appellate courts have said that good character once established may of itself raise in the minds of the jurors a reasonable doubt, and as I said to you at the outset if you have such a doubt it belongs to the defendant and should work his acquittal.'' The learned counsel for appellant complains particularly of the use of the phrase ''if you believe that they have established good character'' and argues that this portion of the charge raised a distinct issue as to whether defendant had ''established'' the fact of a previous good reputation. As we understand the charge the phrase used was merely equivalent to saying that the credibility of the character witnesses, as of every other witness, was for the jury, and if the jurors believed these witnesses their testimony was to be considered as indicated. However, it is to be noted that the jury was charged upon this subject in the exact language chosen by counsel for appellant in drafting his sixth and seventh points which were affirmed without qualification. The seventh point read:

''7. The crime of assault and battery with intent to commit rape, may be a very difficult one to defend, even when the defendant is innocent. The evidence of a good reputation which one has built up by long years of good behavior in his community may be about all he can offer in answer to such a terrible charge. The law says he may call upon his neighbors to testify to the good name he has been a life time in acquiring when so placed in peril, and, that such evidence of good reputation when given is substantive evidence and is to be weighed like any other evidence, and may of itself, standing alone, be sufficient to create a doubt and work an acquittal.''

The language of President Judge PORTER in the case

of Commonwealth v. Stoner, 70 Pa. Superior Ct. 365, affirmed by the Supreme Court in 265 Pa. 139, to the effect that the "last words of the court to the jury upon the subject" left them in no doubt about the weight to be given to evidence of good reputation, is applicable here. This court also had occasion to consider this matter in the recent case of Commonwealth v. Mack, 92 Pa. Superior Ct. 165, in which, in an opinion written for this court by Judge TREXLER, the judgment was reversed by reason of an erroneous instruction to the effect that such evidence "is not of itself a sufficient fact from which a reasonable doubt of guilt may arise." What was there said need not be repeated here, or the authorities again cited, except to call attention to the reaffirmance of the rule as stated by our former President Judge RICE in Commonwealth v. Kester, 58 Pa. Superior Ct. 509, in this language: "It is settled beyond controversy in Pennsylvania that evidence of good character is substantive and must be treated as such; that it is not a mere makeweight to be thrown in to determine the balance in a doubtful case, but that it may of itself, by the creation of a reasonable doubt, produce an acquittal." It is clear that the jury in the case now at bar was fully and accurately instructed with respect to the manner in which it should consider the evidence relating to appellant's previous good reputation, and the seventh assignment is accordingly dismissed. The rule for a new trial was properly discharged and the assignment relating thereto is overruled.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time this appeal was made a supersedeas.