## Commonwealth v. Siegrist

*K. L. Shirk*, district attorney, *James N. Lightner* and *W. Hensel Brown*, for petitioner.

*Daniel B. Strickler*, contra.

APPEL, J., April 4, 1941.—The grand jury, on June 13, 1939, returned ignored indictment no. 26, June term, 1939, against Isaac Siegrist on the charge of fraudulent conversion alleged to have been committed on or about the first day of March 1939. The property involved in the

alleged offense was averred to be 17,000 bushels of wheat alleged to be the property of D. K. Heistand, in the possession of defendant. Thereafter, the same prosecutor on July 3, 1940, before a different justice of the peace made a second complaint on practically the same facts involved in the ignored indictment. In this second complaint it is averred that I. H. Siegrist did on or about March 1, 1939, and at divers times before said date commit fraudulent conversion and the property involved was the same quantity of wheat set forth in the ignored indictment. A hearing was had on this complaint and the case was returned to court and filed on July 15, 1940, to complaint no. 72, June term, 1940.

Thereafter, the district attorney prepared an indictment averring that Isaac H. Siegrist within the last two years, to wit, on or about March 1, 1939, and divers times before said date, feloniously and unlawfully converted certain property of D. K. Heistand, being 17,000 bushels of wheat of a value of $3,800. The district attorney on September 6, 1940, presented his petition to this court praying this court for the reasons therein set forth that he be permitted to submit to the grand jury for the week of September 9, 1940, a new bill of indictment against the said Isaac H. Siegrist, also known as Isaac Siegrist, after the ignoring of the prior bill against Isaac Siegrist.

Upon the presentation of this petition on September 6, 1940, the court granted a rule to show cause why the above case should not be submitted to the grand jury called for the September 1940 term of court.

On behalf of defendant an answer was filed to the petition to submit the new indictment to the grand jury containing certain averments which, by reason of the decision we are making in our opinion, need not now be discussed.

Upon the filing of the answer the matter was put on the argument list in this court for December 16, 1940, and was argued and briefs were submitted. No testimony

was taken. At this argument it was admitted that both complaints and the ignored indictment as well as the proposed new indictment were for the same offense by the same person. As authority for the resubmission of the matter to a new grand jury the district attorney cited Rowland v. Commonwealth, 82 Pa. 405, Commonwealth v. Sheppard, 20 Pa. Superior Ct. 417, Commonwealth v. Stoner, 70 Pa. Superior Ct. 365, 265 Pa. 139, Commonwealth v. Norris, 87 Pa. Superior Ct. 61, and Commonwealth v. Green, 126 Pa. 531, 540.

A review of these cases shows that the decisions involved either a district attorney's bill or that the same indictment which had been ignored, under supervision of the court, was resubmitted to the grand jury because the court found that the resubmission was justified by some pressing and adequate necessity or by some urgent and public need. A new complaint, hearing, return and consequent new indictment was not involved in these cases. See Commonwealth v. Brubaker, 25 Lanc. L. Rev. 409. In Commonwealth v. Allen, 14 Pa. C. C. 546, the Schuylkill County court held that "Where there is no allegation or proof that a bill was ignored by a grand jury in consequence of oversight, mistake or fraud or any improper action of the grand jury, or the allegation of new testimony discovered, the court will refuse an application to re-commit the bill to a subsequent grand jury". To the same effect are Commonwealth v. Whitaker, 25 Pa. C. C. 42, and Commonwealth v. Priestly, 24 Pa. C. C. 543.

The late Judge Landis, in his opinion filed in Commonwealth v. Snyder, 20 Lanc. L. Rev. 277, held that "Where the grand jury has ignored an indictment there is no law to prevent another indictment being returned to a subsequent court on another complaint for the same offense. The same indictment cannot, however, when once ignored, be sent again to the same or a subsequent grand jury without leave of court. In the first instance, the complaint is dead, unless the court sees fit to revive it by per-

mitting the case to be again sent to the same or a subsequent grand jury. In the latter case the prosecutor makes a new complaint, and the case comes again into the court to be passed upon."

In our opinion, therefore, it follows that in the instant case the present proposed new indictment based on a new complaint could have been presented to a grand jury without leave of court.

The regular scheduled term of quarter sessions court was held on December 9, 1940, before the time fixed for argument court and the grand jury for that week was discharged during the week.

Under the circumstances, therefore, there was no presentment of this new indictment to the grand jury at the term of court beginning December 9, 1940. The next regular term of this court began on March 10, 1941.

It appears, as above mentioned, that in the ignored indictment the time when the offense was alleged to have been committed was on or about the first day of March 1939, and in the proposed new indictment the time was averred to be March 1, 1939, and divers times before said date. It appears therefore to this court that the statute of limitations (Act of March 31, 1860, P. L. 427, sec. 77, as amended by the Act of April 6, 1939, P. L. 17, sec. 1, 19 PS §211), providing the time within which indictments for prosecutions may be brought, applies to the circumstances of this case. This court, therefore, would not permit the new proposed indictment to be presented to the grand jury after the expiration of the term of court beginning December 9, 1940, and if such indictment were presented later than two years after the date laid in the indictment and found a true bill, the court on motion would be bound to quash the indictment. See Commonwealth v. Streets, 113 Pa. Superior Ct. 65. For this reason the questions raised in the petition and the answer as to whether or not a new indictment should be presented to the grand jury and the prayer of the peti-

tion of the district attorney should be granted now raise only moot questions and need not be considered.

For the foregoing reason the petition presented by the district attorney is accordingly dismissed and the rule is discharged at the cost of the county.