## Commonwealth v. Kiser

*John Miller*, for Commonwealth.

*Robert W. Morton*, for defendant.

SHADLE, J., December 3, 1962.—Defendant was charged before a justice of the peace with having "forcibly and against her will . . . (had) carnal knowledge of the female parts of . . ." the body of a named eight year old girl. The information alleged the offenses to be in violation of specified sections of the Penal Code relating to statutory rape, attempted rape, assault with intent to ravish, corrupting the morals of children and indecent assault. Attached to the transcript returned by the justice was a summary of the proceedings at the preliminary hearing, setting forth the testimony in considerable detail.

On the basis of this transcript the district attorney prepared a bill of indictment containing two counts,

the first charging felonious rape and the second charging assault and battery with intent to ravish. The bill was submitted to the grand jury on August 1, 1962, which made a return the same day of "Not a true bill. Costs on county." The court struck off the direction as to costs as surplusage, a felony having been charged in the indictment.

Two days later, on August 3, 1962, the district attorney presented to the court a petition for leave to resubmit to the same grand jury on the same transcript a bill of indictment charging indecent assault, alleging that such a count had been omitted by mistake from the first bill, that defendant had already had a preliminary hearing before the justice, and that to file a new charge before a magistrate "would delay the orderly process of justice." The court entered an order granting the permission prayed for, a second bill charging the offense of assault and battery but labeled "Indecent Assault" was submitted to the grand jury, which returned the same as a true bill the same day.

Defendant has filed a petition to quash the indictment, alleging it to be invalid because (a) defendant had no notice of the representment, (b) he has posted no bond for his appearance to answer the present charge, and (c) no witnesses appeared before the grand jury when the second bill was presented. The district attorney filed an answer, admitting in substance the allegations but denying their legal effect. Argument was had before the court.

The fact that defendant had no advance notice that a second bill would be presented to the grand jury creates no problem. It has been specifically ruled that a second indictment may be submitted by leave of court without notice to the defendant. See Commonwealth v. Kaufman, 9 Pa. Superior Ct. 310 (1899).

That defendant has not been required to furnish a new bond for his appearance at trial is to his advan-

tage, not his detriment. We note from the transcript of the justice that defendant's original bond required his appearance on the third Monday of August, 1962, "or any subsequent term or terms, time or times, that the said cause may be continued, until the final disposition of the cause . . ." Should defendant fail to appear at trial the issue then will arise whether his bail requires him to do so. See Commonwealth v. Harvey, 222 Pa. 214 (1908). The absence of new bail furnishes no reason to quash the indictment.

The question of whether the Commonwealth's witnesses should have been required to appear and testify a second time in support of the new bill does not seem to have been passed upon in this state. It has been decided elsewhere: "The weight of authority supports the rule that, where an indictment is found to be insufficient, the same grand jury may return another indictment based upon the same testimony as the first indictment; and that the failure of the grand jury to reexamine witnesses or to hear any further evidence before finding the second indictment is not a ground for quashing the same [citing cases from the United States Supreme Court and the courts of Florida, Indiana, Kentucky Louisiana, Minnesota, New York, Ohio and Texas]." 59 A. L. R. 567, 581 (annotation).

Defendant certainly was deprived of no rights by the failure of the prosecution witnesses to return to repeat the testimony they had given only two days earlier. It would have been a useless formality to require  them to do so, and it would have been unreasonable in the case of the eight year old victim of a sexual assault. As was said in State v. Iosue, 220 Minn. 283, 291, 292, 19 N. W. 2d 735, 739 (1945), in holding valid a true bill returned after a third presentment to the grand jury, it having twice previously been ignored:

"The witnesses to the transaction having been once

properly sworn and sent to the grand jury, there is nothing in the reason of things, why the evidence obtained upon their examination, could not be acted on at any time during the session of the grand jury, for a purpose within its jurisdiction. The finding of the first indictment, could not exhaust its powers concerning the matter inquired of. All the proceedings of a grand jury may be regarded as in *fieri* until its final adjournment. And, hence, the grand jury in this case, had the power upon the same evidence to find another indictment, with the same or different counts, if in its judgment, the administration of justice required it' [Quoting from Whiting v. State, 48 Ohio St. 230, 27 N. E. 97]. " '. . . No substantial reason is apparent why a grand jury after having once found an indictment which is discovered to be defective in form may not, upon the information which it has acquired, and with the same conviction, based upon that information, that the defendant should be brought to trial, present a second indictment for the same offense' " (Quoting from Thompson v. U. S. 202 Fed. 401).

Pennsylvania has held that it is within the discretion of the court to permit the district attorney to submit a new bill to the grand jury after a first indictment has been ignored. See Rowand v. Commonwealth, 82 Pa. 405 (1876) ; Commonwealth v. Stoner, 70 Pa. Superior Ct. 365 (1918), affirmed in 265 Pa. 139 (1919). It likewise is the law that the court should not sustain a motion to quash the indictment except in a clear case where it is convinced that harm has been done to defendant by improper conduct that interfered with his substantial rights: Commonwealth v. O'Brien, 181 Pa. Superior Ct. 382 (1956).

We are satisfied that defendant has not been harmed and that no substantial rights have been impaired by the procedure in this case.

*Order*

And now, to wit, December 3, 1962, at 10 a.m., defendant's petition to quash the indictment is refused, and the rule granted thereon is discharged. An exception is noted for defendant.