J. A18012/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
FRANCISCO FELIZ, : No. 1958 MDA 2014
:
Appellant :

Appeal from the Judgment of Sentence, July 14, 2014,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0000952-2013

BEFORE: FORD ELLIOTT, P.J.E., STABILE AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED DECEMBER 22, 2015**

Francisco Feliz appeals from the judgment of sentence of July 14, 2014, following his conviction of one count of indecent assault, complainant less than 13 years of age. On appeal, appellant contends that the trial court erred in ruling that the Commonwealth could cross-examine appellant's proposed character witnesses regarding a 1992 out-of-state felony weapons conviction. In light of the trial court's ruling, appellant declined to call the character witnesses. Appellant argues that the 1992 conviction was irrelevant and inadmissible, as it was too temporally remote and the proffered witnesses did not know him at that time. Appellant asserts that any minimal probative value the 1992 conviction had was outweighed by its potential for prejudice, and that the trial court's ruling cannot be considered

harmless error in a case such as this, which boils down to credibility. After careful review, we are constrained to agree.

The trial court has summarized the history of this case as follows:

> On July 15, 2013, the Commonwealth filed an Information that charged [appellant] with Aggravated Indecent Assault of a Child, Rape of a Child, and Indecent Assault of a Complainant who is less than 13 years of age.[1] On March 4, 2014, following a trial by jury, [appellant] was acquitted of Aggravated Indecent Assault of a Child and Rape of a Child but was found guilty of Indecent Assault of a Complainant who is less than 13 years of age. On July 14, 2014, [appellant] was sentenced to 12 to 60 months of imprisonment. On July 21, 2014, [appellant] filed his Post Sentence Motion, where he sought to vacate his July 14, 2014 sentence and receive a new trial. The Post Sentence Motion was based on the alleged error of this Court in not excluding [appellant]'s prior 1992 New York felony weapons conviction that was "too remote and that . . . was beyond the scope of the proffered testimony, as it occurred . . . before the character witnesses came to know [appellant]." [Appellant] stated in his Post Sentence Motion that he did not call character witnesses due to this Court's ruling.
>
> The Commonwealth responded to [appellant]'s Post Sentence Motion by stating that this Court did not abuse its discretion as the evidence was relevant character evidence that can be used by the Commonwealth to cross-examine character witnesses. The Commonwealth claims that the inclusion of the 1992 weapons conviction during the Commonwealth's cross-examination of character witnesses would assist the jury in making witness credibility determinations.

---

[1] The charges related to appellant's alleged sexual abuse of J.S., who was six years old at the time of the alleged offenses. Appellant and his wife, Miguelina, regularly babysat J.S.

Opinion and Order, 10/22/14 at 2-3 (emphasis deleted). A timely notice of appeal was filed on November 17, 2014. Appellant has complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed a Rule 1925(a) opinion, relying on its previous opinion and order of October 22, 2014, disposing of appellant's post-sentence motion.

Appellant has raised the following issue for this court's review:

> Did the trial court err when it denied Appellant Feliz's motion to exclude from cross-examination of proffered character witnesses inquiry about a prior out-of-state conviction from 1992 which was too remote and beyond the scope of the proffered direct testimony?

Appellant's brief at 4.

> Pennsylvania courts have long recognized the importance of character or reputation evidence in criminal trials. The purpose of this evidence is to show that the accused possesses character traits that are at odds with the alleged criminal behavior. As we noted in **Commonwealth v. Luther**, 317 Pa.Super. 41, 463 A.2d 1073 (1983):
>
>> Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. . . . The rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character.
>
> **Id.** at 49, 463 A.2d at 1077 (citations omitted); **see also** Pa.Stand.Jury Inst. § 3.06(3) ("The law

- 3 -

recognizes that a person of good character is not likely to commit a crime which is contrary to his nature.") A defendant who presents character testimony runs certain risks, however, character witnesses, like other witnesses, can be subjected to cross-examination. *See Commonwealth v. Scott*, 496 Pa. 188, 195, 436 A.2d 607, 611 (1981). Such cross-examination may include questions regarding the defendant's prior convictions for crimes involving the relevant character trait. *See id.*; *see also Commonwealth v. Vander Weele*, 356 Pa.Super. 152, 157-58, 514 A.2d 189, 191 (1986). The purpose of this type of impeachment is to test the accuracy and completeness of the witness's knowledge of the defendant's reputation. *Commonwealth v. Scott*, *supra* at 192, 436 A.2d at 609; *see also Commonwealth v. Peterkin*, 511 Pa. 299, 318, 513 A.2d 373, 382-83 (1986) ("a character witness may be cross-examined regarding his knowledge of particular acts of misconduct by the defendant to test the accuracy of his testimony and the standard by which he measures reputation."); *Commonwealth v. Hammond*, 308 Pa.Super. 139, 149, 454 A.2d 60, 65 (1982); *Commonwealth v. King*, 287 Pa.Super. 105, 108, 429 A.2d 1121, 1122-23 (1981). It is settled that evidence of a defendant's character must relate to his reputation "at or about the time the offense was committed." *E.g. Commonwealth v. Luther*, *supra* at 50, 463 A.2d at 1077-78; *see also Commonwealth v. White*, 271 Pa. 584, 587, 115 A. 870, 872 (1922); McCormick, *Handbook on the Law of Evidence*, § 191, at 456 (2d Ed. 1972) (character at time of alleged crime bears mostly on inference of innocence or guilt--reputation evidence confined to reputation at that time or reasonable time before).

*Commonwealth v. Nellom*, 565 A.2d 770, 775 (Pa.Super. 1989) (footnote omitted).

It has long been the law that a defendant in a criminal trial may introduce evidence of his own good character in order to attempt to convince the trier of

fact of his innocence. ***Commonwealth v. Sampson***, 445 Pa. 558, 285 A.2d 480 (1971); McCormick on Evidence, § 191 (2d ed. 1972). As our Court stated in ***Commonwealth v. Padden***, 160 Pa.Super. 269, 275, 50 A.2d 722, 725 (1947):

> Evidence of good character is substantive and positive evidence, not a mere make-weight to be considered in a doubtful case, and, according to all our authorities, is an independent factor which may of itself engender a reasonable doubt or produce a conclusion of innocence. ***Hanney v. Com.***, 116 Pa. 322, 9 A. 339; ***Com. v. Cleary***, 135 Pa. 64, 19 A. 1017; ***Com. v. Chester***, 77 Pa.Superior Ct. 388. To be sure, it is to be ***considered*** with all the other evidence in the case. ***Com. v. Dingman***, 26 Pa.Superior Ct. 615. But it is not to be ***measured*** with or by other evidence. Its probative value, its power of persuasion, does not depend upon, and is not to be measured by, or appraised according to, the might or the infirmity in the Commonwealth's case. ***Hanney v. Com.***, ***supra***. Even though, under all the other evidence a jury could reach a conclusion of guilt, still if the character evidence creates a reasonable doubt or establishes innocence a verdict of acquittal must be rendered. ***Com. v. Cate***, ***supra*** [220 Pa. 138, 69 A. 322].

***Commonwealth v. Farrior***, 458 A.2d 1356, 1364 (Pa.Super. 1983) (emphasis in ***Padden***). ***See also Nellom***, 565 A.2d at 776 ("Our Supreme Court recently reaffirmed the importance of character evidence, holding that, when evidence of good character has been presented, the trial court must instruct the jury that 'character evidence may, in and of itself, (by itself or

alone) create a reasonable doubt of guilt and, thus, require a verdict of not guilty.'"), quoting **Commonwealth v. Neely**, 561 A.2d 1, 3 (Pa. 1989) (additional citations omitted).

In the case **sub judice**, appellant's proffered character witnesses did not even know him at the time of the 1992 conviction, which occurred 20 years before his arrest in this case.[2]  Nevertheless, the trial court found the evidence was admissible to impeach appellant's character witnesses and to assist the jury in determining credibility.  (Opinion and Order, 10/22/14 at 11.)  The trial court found that the remoteness of appellant's 1992 conviction went to its weight, not admissibility, and was a jury issue. (**Id.** at 10.)  The trial court also determined that even assuming, **arguendo**, appellant's prior conviction was inadmissible, it was harmless error where appellant was found not guilty of two of the three charges and appellant's defense did not rely solely on character witnesses.  (**Id.** at 11-12.)  We disagree.

We find this court's decision in **Farrior**, **supra**, to be instructive.  In that case, the trial court determined that the appellant's proposed character witnesses could be cross-examined about a 1961 conviction for assault,

---

[2] Although there was some evidence to support a finding that at least one character witness knew appellant at the time of the 1992 New York conviction, the trial court relied on defense counsel's assertion in the post-sentence motion that the New York conviction occurred before any of the defense character witnesses came to know appellant.  (Opinion and Order, 10/22/14 at 11.)

which occurred 19 years prior to trial. *Farrior*, 458 A.2d at 1361. Of appellant's eleven proposed character witnesses, only two had known him in excess of 19 years. *Id.* It was unclear from the record how long two other proposed witnesses had known him. *Id.* As a result of the trial court's ruling, no character witnesses were called on the appellant's behalf. *Id.* at 1360. On appeal, this court held that with respect to those witnesses who had not known the appellant at the time of the conviction, the conviction was too remote in time to have any bearing on the credibility of the witnesses:

> In this case, appellant's assault conviction occurred nineteen years prior to trial. With respect to the witnesses who had known appellant for substantially shorter periods of time, we are of the opinion that the impeachment value of questions concerning the conviction would be negligible and would be overwhelmingly outweighed by their prejudicial effect. With respect to the two character witnesses who had known appellant at the time of the conviction, however, such questions would have been proper because the conviction was related to the length of time concerning which the witnesses would testify. *See generally Michelson v. U.S.*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Therefore, the trial court's ruling, as it related to the two character witnesses who had known appellant at the time of the conviction was correct. As to the other proposed witnesses, however, the ruling was erroneous.

*Id.* at 1361.

Similarly, in *Commonwealth v. Hammond*, 454 A.2d 60 (Pa.Super. 1982), *disapproved of on other grounds by Commonwealth v.*

*Brachbill*, 555 A.2d 82 (Pa. 1989), the trial court permitted the prosecution to cross-examine the appellant's character witnesses concerning a prior conviction for attempted assault which occurred 14 years prior to trial, before any of the character witnesses knew the appellant. *Id.* at 65. This court held that the ruling was in error, as the conviction was too remote to be an effective tool for impeachment:

> This sole prior conviction occurred in the state of Virginia in 1966. All of the character witnesses testified to having met appellant subsequent to 1966. It is not unlikely that appellant reformed after serving two years, and subsequently enjoyed a reputation as a peaceful and law-abiding citizen as testified to by his witnesses. Under these circumstances, the remoteness of the conviction may outweigh its effectiveness as a tool of impeachment, and may have served only to prejudice appellant.

*Id.* (citation omitted).

Following this court's decisions in *Hammond* and *Farrior*, it is clear that the trial court erred in ruling that appellant's proposed character witnesses could be cross-examined regarding his 1992 out-of-state weapons conviction. The past conviction occurred more than 20 years before trial, and the character witnesses did not know him at that time. The 1992 conviction was simply not relevant to impeach the witnesses' credibility concerning appellant's reputation in the community at the time of the alleged offenses.

Furthermore, we disagree with the trial court that its ruling constituted harmless error. As stated above, evidence of good character can, in and of

itself, create reasonable doubt, particularly in a case such as this, which comes down to credibility.

> In Pennsylvania, the importance of good character evidence is well-recognized. "[E]vidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt." ***Commonwealth v. Luther***, ***supra*** at 49, 463 A.2d at 1077. Character evidence is substantive and positive evidence, not a mere "make weight" to be considered in a doubtful case. ***Id.*** (quotation and citation omitted).

***Nellom***, 565 A.2d at 776. ***See also Farrior***, 458 A.2d at 1364 ("the evidence that the proposed character witnesses would have presented concerning appellant's law abiding reputation, if believed by the jury, ***may*** have created a reasonable doubt as to his guilt of the crime charged. Thus, we cannot say that the trial court's ruling which resulted in the appellant's decision not to call his character witnesses did not effect [sic] the outcome of the case." (emphasis in original)). ***Cf. Hammond***, 454 A.2d at 65-66 (finding harmless error where the appellant admitted to shooting his wife and asked for a finding of voluntary manslaughter which he received).

As is typical in the child sexual abuse context, there were no third-party eyewitnesses and little, if any, forensic evidence. The case boiled down to whom the jury believed, appellant or J.S. By its erroneous ruling that appellant's proposed character witnesses could be cross-examined about his 1992 New York conviction, the trial court denied

appellant the use of a major portion of his defense. For these reasons, it is necessary to remand for re-trial on the charge of indecent assault.

Judgment of sentence reversed. Remanded for new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2015