## Commonwealth *v.* Scull, Appellant.

*Election law—Judge of election—Rejection of voter—Act of July 2, 1839, P. L. 519.*

A judge of an election cannot be convicted under sec. 103, of the Act of July 2, 1839, P. L. 519, on an indictment charging him with having "unlawfully, willfully and knowingly" rejected the vote of a qualified citizen, if the proof shows that the vote was rejected by two inspectors who did not disagree; and it is immaterial that the judge may have agreed with the inspectors and expressed his assent openly. A judge of an election has no power to reject a vote, except when the inspectors disagree. The official act of rejection is the act of the inspectors, and not of the judge.

Argued May 10, 1911. Appeal, No. 67, Oct. T., 1911, by defendant, from judgment of Q. S. Phila. Co., Dec. Sessions, 1910, No. 397, on verdict of guilty in case of Commonwealth v. Richard W. Scull. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER. JJ. Reversed.

Indictment for violation of the election laws. Before STAPLES, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court and in the report of the case of Com. v. Weiserth, ante, p. 592.

Verdict of guilty upon which the defendant was sentenced to pay a fine of $50.00. Defendant appealed.

*Errors assigned* were various instructions.

*Harry A. Mackey,* for appellant:

*Jospeh H. Taulane,* assistant district attorney, with him *Samuel P. Rotan,* district attorney, for appellee.

OPINION BY RICE, P. J., July 13, 1911:

In view of some suggestions that have been made in this case, and in order to prevent misapprehension of the scope of our decision, we remark that the defendant was not charged in the indictment with conspiracy, nor with willful fraud under sec. 102 of the act of 1839, nor with failure to observe his oath to attend the election during the continuance thereof "and faithfully assist the inspectors in carrying on the same," and to use his "best endeavor to prevent any fraud, deceit, or abuse in carrying on the same by the citizens qualified to vote or otherwise," nor with concealing "from his fellow officers any fact" in the knowledge of which a vote should by law be received or rejected. The indictment was carefully drawn under that clause of sec. 103 of the act of 1839 which relates specifically to the rejection of votes. After averring the necessary preliminary facts, including the fact that the defendant was judge of election at the election described, the indictment charged that, "so then and there being such officer of election as aforesaid," he then and there "did unlawfully, knowingly, and maliciously reject" the votes of certain qualified citizens and electors of the election district who were qualified and entitled to vote in the district at the election being held, he knowing that they were so qualified and entitled. To sustain this indictment, it was necessary to prove that he acted as judge of election at the poll where the votes were rejected, and it seems equally essential to prove that the rejection of the votes was his official act, or, to speak more exactly, that he participated officially in the act. It becomes important, therefore, to have a clear view of the official functions of a judge of election in the receiving or rejection of a vote. Section 6 of the act of 1839 provides, upon that subject,

as follows: "The judges of the elections, within the limits of their respective wards, districts or townships, shall have power, and are hereby required to decide on the qualifications of any person claiming to vote at any election, whenever the inspectors thereof shall disagree upon the right of such person to vote, but not otherwise, and the inspectors thereof shall, upon such decision, forthwith receive or reject the vote of such person, as the case may be." Not only does the section specifically describe the contingency on the happening of which the power and the duty of the judge of election to decide shall arise, thus impliedly withholding from him the power to decide, if that contingency shall not occur, but, to remove all room for refined speculation on the subject, declares in plain and unmistakable terms that he shall not have the power, and shall not be subject to the duty, except upon the contingency of the inspectors disagreeing. If they agree that the person claiming to vote has not the requisite qualifications, the judge has no more power to overrule them and receive the vote than one of the clerks; and although he agrees with them and expresses his assent openly, the official act of rejection is theirs, not his. According to the doctrine of Com. v. Miller, 2 Pars. Sel. Eq. Cas. 480, the correctness of which has been recognized in other reported cases and by text writers, it is not proper to jointly charge the judge and the two inspectors, as such, with a violation of this clause of sec. 103 of the act of 1839. See 2 Whart. Cr. Law (10th ed.), sec. 1839; Sadler's Cr. Pro. 272; Com. v. Ziert, 4 Pa. C. C. R. 394; Com. v. Boyle, 14 Pa. C. C. R. 561; Com. v. Kurz, 14 Pa. D. R. 741, 754; United States v. Davis, 33 Fed. Repr. 621; Com. v. Youlls, 5 Kulp, 231. None of these cases is of binding authority, but they are founded on sound principle, and are not opposed by any authoritative decision that has been called to our attention. Indeed, the learned district attorney conformed to the rule laid down in Com. v. Miller, in drawing the indictment against the members of this election board, and the correctness of

the rule is not questioned by him or by the learned assistant district attorney who argued the case. But the principle extends beyond the pleading, and is applicable as well in the consideration of the propriety of the conviction of the judge where there is no evidence that the inspectors disagreed, but, on the contrary, all the evidence tends to show that they did not disagree, and, therefore, the official duty which the judge is charged with having violated did not arise. It is not sufficient, to sustain the conviction under such circumstances, to be able to say that the evidence would have warranted a finding that he would have rejected the votes if the contingency had occurred which imposed upon him the power and duty of acting, or that he concurred in, and openly approved of, the decision of the inspectors, or even that he criminally conspired with the inspectors to bring about rejection of the votes. A bystander might have done the same, or the judge might have gone to some other poll where he had no authority whatever and done the same. Whatever might be said in either of these supposed cases, or in the very case before us, of the legality, or even criminality, of the action, it cannot be said that it was a violation of the specific official duty which is the gravamen of the charge contained in this indictment. We are constrained therefore, to hold that the request for binding instructions, to acquit should have been affirmed so far as this defendant was concerned.

The judgment is reversed, and the defendant, Richard W. Scull, is discharged without day.