# Commonwealth *v.* Degnan, Appellant.

*Election law—Primary election—Election officers—Violation of law—Indictment.*

1. An indictment against three persons for violating the primary election law in permitting certain persons to vote, reciting that they were judges of election and two inspectors, is fatally defective if it does not aver which one of the defendants was the judge of elections and what two of the three were inspectors. Where such an indictment charges that the defendants received votes at a primary election without receiving certain affidavits, it is fatally defective if it does not set forth the nature or purpose of the primary election to which it refers, and does not aver that a primary election was held in pursuance of law.

*Election law—Exceptions—Allowance of exceptions—Appeals.*

2. Where the court overrules certain reasons for quashing an indictment, and the defendants ask leave to file an additional reason and ask an exception, and the court says, "Yes" and allows the filing of an additional reason and states that in. disposing of it an exception nunc pro tunc will be allowed, the commonwealth cannot assert that no exception was allowed, because no additional reason was ever filed and no exception nunc pro tunc ever entered.

Argued March 5, 1912. Appeal, No. 24, March T., 1912, by defendant, from judgment of Q. S. Luzerne Co., Nov. T., 1911, No. 235, on verdict of guilty in case of Commonwealth v. Edward Degnan et al. Before Rice, P. J., Henderson, Orlady, Head and Porter, JJ. Reversed.

Indictment for violation of the primary election laws. The opinion of the Superior Court states the case.

*Error assigned* among others was in refusing to grant the indictment.

*Andrew Hourigan,* with him *F. A. McGuigan* and *J. T. Brennan,* for appellants.—An allegation of illegal voting on a certain date, without charging that defendant voted at an election held under the laws of the commonwealth

is bad: Sadler's Criminal Procedure, 259; Com. v. Huber, 13 Lanc. Bar. 139.

It is not proper to jointly charge the judge and the two inspectors as such with a violation of this clause of sec. 103 of the act of July 2, 1839, P. L. 519: Com. v. Scull, 47 Pa. Superior Ct. 600; Com. v. Ziert, 4 Pa. C. C. Rep. 394; Com. v. Boyle, 14 Pa. C. C. Rep. 561; Com. v. Kurz, 14 Pa. Dist. Rep. 741; United States v. Davis, 33 Fed. Repr. 621; Com. v. Youlls, 5 Kulp, 231.

*W. Alfred Valentine*, with him *John H. Bigelow*, district attorney, for appellee.—An appeal will not be considered where the record shows no exception was filed in the court below and that no order was made by the court to the stenographer to file his notes: Phila. v. West Phila. Institute, 177 Pa. 37.

The propriety of jointly indicting appellants has been recognized in Com. v. Brangan, 10 Pa. Dist. Rep. 760; Com. v. Weiserth, 47 Pa. Superior Ct. 592.

OPINION BY PORTER, J., July 18, 1912:

The appellants were tried upon an indictment charging them jointly with a misdemeanor, in negligently and willfully failing to perform a duty devolving upon them as officers at a primary election. Before pleading they moved to quash the indictment presenting several reasons, among which were the following, viz.: "First: The indictment does not show the positions on the election board that the defendants held. Second: There is nothing in the indictment to show that a primary election was held in pursuance of law. Third: The indictment is vague and indefinite." And "Fifth: The indictment does not charge that the defendants knowingly permitted illegal voters to vote." The court overruled the motion to quash. Counsel for the commonwealth contend that the appellants did not except to this ruling, but this view is not sustained by the record. Counsel for defendant had asked for leave to file an additional reason for quashing

the indictment and the court had said to them they might put this in writing to get it upon the record, and that he would then note an exception. Defendants' counsel then said: "We want an exception noted." When this request was made the court replied: "Yes." The court then added: "You may file your additional reason, and then we will dispose of it and give you an exception nunc pro tunc." This can only be construed as meaning that the court then granted an exception to the ruling which it had already made, and at the same time intimated that it would, when it disposed of the additional reason, enter an exception "nunc pro tunc" to its ruling upon that additional reason. The additional reason never was filed and, the learned judge not having been called upon to act upon it, it was not necessary to enter any exception nunc pro tunc, for he had already entered an exception to the ruling which he had made. It is due to the learned judge of the court below to say that he treated the defendants with perfect fairness, accepted the responsibility of his ruling, and certified a record which affords no ground for the contention of counsel for the commonwealth.

The indictment does not charge that the defendants permitted any person to vote at the primary, "with the knowledge that such person was not so entitled to vote," and it cannot be held to be well founded upon the second paragraph of sec. 14 of the Act of February 17, 1906, P. L. 36. The fifth reason urged for quashing was good as against any attempt to sustain the indictment under that particular section of the statute. The indictment recited that these defendants were "Judge of election, minority inspector and majority inspector, respectively, in and for a certain election district, to wit: 6th Ward of Larksville Borough, duly qualified and acting as such at a primary election then and there held, being charged with the duty of requiring each person whose name did not appear in the registry of voters who claimed the right to vote and who was permitted to vote at said election, to take and subscribe a written or partly written and partly

printed affidavit, stating to the best of his knowledge and belief when and where he was born," etc. (reciting at length the provisions of the affidavit required by the Act of May 6, 1899, P. L. 254, of persons claiming the right to vote whose names do not appear on the registry of voters). Assuming for the purposes of this case that the statutes regulating primary elections impose upon the judge and inspectors at such election all the duties required to be performed by pre-existing legislation, at the general and municipal elections, by like officers, and render them liable to be prosecuted in the same manner and subjected to the same penalties for any misconduct or negligence, it follows that the offense charged in this indictment is the failure to perform a duty imposed by law upon certain officers; the judge and inspectors at an election. The defendants were not charged with conspiracy, nor with willful fraud. They were charged, jointly, with a breach of official duty in permitting certain persons to vote. The duties of the judge of elections, in passing upon the qualifications of voters are not, in all respects, identical with those of the inspectors and this is a principle which extends not only to the pleadings, but is not to be lost sight of in considering the propriety of a conviction of the judge under the evidence: Com v. Scull, 47 Pa. Superior Ct. 600. The duties of the judge and inspectors being thus different, and the offense attempted to be charged being a failure to perform a duty, this indictment was defective in that it failed to aver which one of the defendants was the judge of election and what two out of the three were inspectors. The first reason urged by the defendants for quashing the indictment was well founded.

When the thing indicted is not unlawful in its own nature and only becomes unlawful from particular circumstances, the indictment is insufficient unless it sets forth some circumstances which make it unlawful: Hawkins's Pleas of the Crown, book 2, chap. 25, sec. 57; Sadler's Criminal Procedure, 259. The act with which these defendants are charged, was receiving votes "at a

primary election," without requiring certain affidavits. Now whether this act was unlawful was altogether dependent upon the nature of the "primary election" at which the defendants were acting. If it was a primary election for the purpose of nominating candidates for such public offices, or electing delegates to such conventions or the officers of such political parties as come within the operation of the Act of February 17, 1906, P. L. 36, as amended by the Act of April 6, 1911, P. L. 43, then the act charged may have been unlawful. If, on the other hand, this primary election was held for the purpose of electing party officers by a political party or body of electors "no one of whose candidates, at either the general or municipal election preceding such primary, polled two per centum of the largest entire vote cast in the political district," or if it was held for the purpose of electing delegates to a convention of such a party, then the right of a party to vote would be determined by the rules of the party, for by the express terms of the acts of 1906 and 1911 the primary election of such a party is excluded from the operation of those statutes. This indictment avers nothing as to the nature or purpose of the primary election to which it refers. It does not aver that any candidate for public office was to be thereat nominated nor that any delegate to a convention was to be there voted for or elected, nor that the party officers of any political party were to be then chosen; it does not even aver that the primary election was held in pursuance of the laws of the commonwealth. This indictment fails to conform to the rule that such matters must be averred, expressly or from necessary implication, "that it may judicially appear to the court, that the indictors have not gone upon insufficient premises:" Hawkins's Pleas of the Crown, book 2, chap. 25, sec. 57; Randolph v. Com., 6 S. & R. 398. The second and third reasons presented by the defendants for quashing this indictment were well founded, and should have prevailed.

The judgment is reversed and the indictment is quashed.