# Commonwealth *v.* Alex Cover et al., Appellants.

*Criminal law —Violation of election laws —Elections —Primary elections—Charge of the court—Evidence—Sufficiency.*

In the trial of a joint indictment, against an entire election board, for violation of election laws it is reversible error for the trial judge to fail to instruct the jury properly as to the respective duties of clerks, inspectors and judge of elections where such instructions are requested.

In the trial of such indictment a conviction cannot be sustained where the Commonwealth failed to prove that the defendants were the duly elected, qualified and acting judge or inspectors of election, or the duly appointed, qualified and acting clerks of the election, constituting the election board of the particular district at the time the offense was alleged to be committed.

Where election officers are jointly indicted and tried for the violation of election laws, the fact that their duties are not identical but vary under the statute, may be of importance in passing upon the guilt or innocence of each of them, and is not to be lost sight of in considering the propriety of the conviction under the evidence.

402, (1924).] Assignment of Error—Opinion of the Court.

Argued April 21, 1924. · Appeal, No. 174, April T., 1924, by Alex Cover, from judgment of Q. S. Cambria · Co., Dec. Sessions, 1923, No. 45, on the verdict of guilty in the case of Commonwealth v. Edward M. Lysett, John Quinn, John Pohl, Michael Havener and Alex Cover. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Indictment for violation of election laws. Before REED, P. J. of O. C., specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.

*Errors assigned* were, among others, overruling motion to quash the indictment and motion in arrest of judgment, various rulings on evidence and the charge of the court.

*Harry Doerr,* and with him *Forest* and *Percy Allen Rose,* for appellant.

*D. P. Weimer,* District Attorney, for appellee.

OPINION BY KELLER, J., July 2, 1924:

It is not necessary to pass upon all of the many assignments of error filed in this appeal. At least two must be sustained and require a reversal of the judgment.

Appellant was jointly tried and convicted with four others, (Lysett, Quinn, Pohl and Havener), of violating the provisions of the Act of May 25, 1921, P. L. 1125, which amended section 15 of the Act of July 12, 1913, P. L. 719, regulating primary elections, as amended by the Act of July 9, 1919, P. L. 839.

The indictment charged in substance that Lysett was the judge of election, Quinn and Pohl the inspectors of

404 COMMONWEALTH *v.* COVER et al., Appellants.

election, and Havener and the appellant the clerks of the election board of the 16th Ward of the City of Johnstown, and that, as such, on September 18, 1923, they did (1) unlawfully and knowingly insert, and permit, cause and procure to be inserted, certain false figures and other fraudulent alterations in the tally paper, return sheet, statement, certificate, ballot and other record authorized and required to be made, returned, etc., in connection with the primary election then and there held, and (2) unlawfully did knowingly and materially alter and intentionally destroy certain entries and figures which had been lawfully made in said tally paper, return sheet, etc., contrary to the form, etc.

At the conclusion of the judge's charge to the jury counsel for the defendants asked that the jury's attention be called to the different duties of the judge of election, inspectors and clerks, under the law; in response to which the trial judge said: "The law provides that none of these officers shall have a pencil in his possession during the count or reading of the ballots. You can take that into consideration in considering their respective duties. It was stated, we believe, that Ed. M. Lysett was judge of election; John Quinn and John Pohl, inspectors; and Michael Havener and Alex Cover, the clerks. You will take that all into consideration in arriving at the guilt or innocence of the defendants." This was not an adequate statement of the law upon the subject. The judge, inspectors and clerks occupy different positions in the election board and have different duties respectively imposed upon them. These duties are set forth in the Act of July 12, 1913, supra, regulating primary elections, and its amendments, as well as in the general election laws of July 2, 1839, P. L. 519; January 30, 1874, P. L. 31, and June 10, 1893, P. L. 419, as amended by the Act of April 29, 1903, P. L. 338. Thus, in the amending Act of July 9, 1919, supra, it is provided that "the judge or one of the inspectors, in the presence of the other officers, shall read aloud the names marked or inserted

upon each ballot, keeping the ballots of each party in sequence, together with the office for which the person named is a candidate, and any other relevant matter necessary to identify him, and the clerks shall carefully enter each vote as read, and keep account of the same in triplicate tally papers for each party, to be provided as aforesaid. All ballots after being removed from the box shall be kept within the unobstructed view of all persons in the voting room until replaced in said box; and no person, while handling same, shall have in his hand any pencil, pen, stamp, or other means of marking or spoiling any ballot." The duty of handling the ballots during the count is thus imposed upon the judge or one of the inspectors, who, in the presence of the other elected officers and within their view, is required to read aloud the names marked or inserted upon each ballot; while the duty of the clerks is to carefully enter each vote as read and keep account of the same. Other duties are imposed by statute upon the respective members of the election board, which it is not necessary to refer to here.

Even without any request from the defendants it was the duty of the trial judge in a prosecution of this character to instruct the jury as to the respective duties of the officers and clerks composing the election board, for as pointed out by Judge PORTER in Com. v. Degnan, 50 Pa. Superior Ct. 354, where election officers are jointly indicted and tried for violation of the election laws, the fact that their duties are not identical but vary under the statute may be of importance in passing upon the guilt or innocence of each of them, and is not to be lost sight of in considering the propriety of a conviction under the evidence; and the same learned and experienced judge in Com. v. Sylvanus, 77 Pa. Superior Ct. 410, referred at some length to the diverse duties of the respective officers and clerks of election, and showed that for some offenses arising out of the conduct of elections, clerks may not even be jointly indicted with the judge or inspectors.

Notwithstanding this general duty resting on the court and the specific request for instructions on the part of the defendants, the trial judge wholly neglected to inform the jury, even in the most general terms, as to the respective duties imposed by law upon the judge, inspectors and clerks. Such a differentiation was of great importance to this appellant because it was alleged he was a clerk whose duty it was only to enter the votes as read and keep account of the same in triplicate tally papers, and not to handle the ballots. The evidence disclosed that the specific act on which the prosecution was chiefly based was the erasure of X marks from certain names on the ballots and the insertion of such marks after other names. It was, therefore, a very material matter for this appellant that it should be explained to the jury that his duty as a clerk did not embrace the handling of ballots at all. For, as pointed out in Com. v. Sylvanus, supra, notwithstanding the defendants were jointly indicted, the duties imposed upon them respectively by law did not merge, and in order to convict this appellant it was essential to prove either that the violation of law complained of was in the course of his official duty, or else that he had gone outside of the duties imposed upon him by statute and had participated in the criminal act. The charge was likewise not a correct statement of the law, for the clerks in order to enter the vote and keep account of the same must necessarily have pencils or pens in their possession and use them during the count or reading of the ballots. It is only the persons handling the ballots who are forbidden to have in their hands, while doing so, any pencil, pen, stamp, or any other means of marking or spoiling the ballots.

The charge was further erroneous in that it assumed as a fact what had not been proven, viz, that Lysett was judge of election, Quinn and Pohl, inspectors, and Havener and Cover, clerks; and this leads us to a consideration of the other and more important error above referred to. There was absolutely no proof adduced on

the trial of this case that any of these defendants were
the duly elected, qualified and acting judge or inspectors
of election, or the duly appointed, qualified and acting
clerks of election, constituting the election board of the
16th Ward of the City of Johnstown at the primary
election held on September 18, 1923. The district at-
torney contented himself by merely offering proof of
alleged irregularities, erasures, etc., appearing in the
ballots when produced before the return board. There
was not an iota of testimony in the case connecting any
of the defendants with the commission of the crime, or
showing that they were in a position to commit it. The
district attorney in both his oral argument and his brief
misconceived the point involved. It is not a question of
identification, but of proving the averments in the indict-
ment necessary to secure a conviction. This appellant by
appearing in court and pleading to the indictment may
have admitted that he was the Alex Cover named in the
indictment, but he did not thereby admit that he was one
of the duly appointed, qualified and acting clerks of the
election board of the 16th Ward of the City of Johnstown
at the primary election held on September 18, 1923, or
waive proof of that essential fact. Although appearing
in the indictment in participial form it was a necessary
averment of fact which in order to secure a conviction
had to be proved, along with all other material aver-
ments of fact in the indictment, and, this the Common-
wealth wholly failed to do. It is just as reasonable to
ask for a conviction of larceny by proof that goods were
stolen, without connecting the defendant with the theft,
as to attempt to secure a conviction for violating the elec-
tion laws by evidence that when the ballot box was
opened the ballots showed erasures, etc., but without
proof as to who were members of the election board and
in a position to alter the ballots. The defendants were
not charged with conspiracy, but with certain, specific
violations of the primary election law and it was incum-
bent on the Commonwealth to prove who constituted the

election board conducting said election and which of the defendants were in a position to commit the violations complained of, and if any others acting outside of their duties had participated therein, to produce proof of the fact.    In the ordinary course of his duties as a clerk, this appellant was not required to handle any of the ballots which it is alleged bore unlawful erasures or insertions; if he went outside of the line of the duties marked out for him by statute and participated in such unlawful conduct, some evidence in support of that fact should have been produced.    The court below should have affirmed defendants' request and directed a verdict of acquittal, under the evidence submitted.

Zeal in the prosecution of violators of our election laws is always to be commended; but it is best exhibited in the careful preparation of the case and in the production of the necessary proof.    Convictions may not be sustained even as to election cases without evidence supporting the material averments of the indictment.

The second and third assignments of error are sustained.    The judgment is reversed and the appellant is discharged.