Commonwealth *v.* Padden et al., Appellants.

Argued November 18, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. F. Mahoney,* with him *D. J. Boyle,* for appellants.

*E. Eugene Eves,* with him *J. Roland Follmer,* District Attorney, and *Ray A. Livingston,* for appellee.

Opinion by Reno, J., January 17, 1947:

Appellants were indicted for, and convicted of, violations of the Election Code of June 3, 1937, P. L. 1333, 25 PS §2602 et seq. Padden was alleged to have been judge of election; Rowan, inspector; Miss Kripplebauer and Gaughan, clerks. Corrigan, the other inspector, was deceased, and was not indicted. All were charged with conspiracy to violate the code (Id. §1827, 25 PS §3527), and with wilful fraud in conducting the election (Id. §1825, 25 PS §3525); Padden and Rowan with permitting unqualified persons to vote (Id. §1823, 25 PS §3523); and Padden with inserting fraudulent entries on election records (Id. §1805, 25 PS §3505), and failing to keep and return a proper record of assisted voters (Id. §1832, 25 PS §3532). By agreement appellants and all the indictments were tried together before the late President Judge Samuel E. Shull, specially presiding, and a jury. Their motion for a new trial was overruled by President Judge James C. McCready, who was assigned to the case after the death of the trial judge. They filed thirty-one assignments of error.

The case will be remitted for a new trial, and therefore we shall confine our statement of the evidence to the more important items. For the same reason, it will be understood that this is only a bare outline of the evidence by which the Commonwealth sought to sustain its charges, and is not an adjudication of the merits of its contentions.

The prosecutions grew out of the municipal election of November 2, 1943, following which defeated candidates for county commissioners instituted an election contest. In that proceeding the ballot box for the district was opened in court, and its contents were preserved and introduced in evidence in this case. There was testimony that the official documents which under the code must be returned by election officers were found

in the box or otherwise returned. The testimony showed that 193 ballots had been delivered to Padden prior to the election. Examination of the unused stubs and ballots, and the testimony of proper county officials, developed that 60 ballots, numbered consecutively from 119 to 178, were returned as unused and not voted. Ballots and stubs from 179 to 193 were not returned by the board. The list of voters and voters' certificates showed that ballots numbers 1 to 133 had been issued and voted, yet ballots 119 to 133 inclusive were returned unused by the board. The tally sheets indicated on their face that they had been changed, erased and mutilated, and contained incorrect entries. There was testimony by a handwriting expert that 24 ballots which had been voted, were marked in one hand and by one person.

The Commonwealth produced nine witnesses whose names appeared on the returns as having voted, and they testified that they had not voted in the district on November 2, 1943, and in some instances were not in Columbia County on that date. Several witnesses, whose domicile was not in Southeast Conyngham, testified that they had voted in that district. One witness testified that she was permitted to vote although she was not registered. The Commonwealth's handwriting expert testified that the purported signatures of appellants on the election documents were in the same handwriting. Appellants did not testify, and rested after presenting evidence of good character.

I. The first assignment of error challenges the overruling of appellants' motions to quash the indictments which were based upon the introduction of incompetent evidence before the grand jury. The district attorney admitted that he had read testimony taken in the election contest to the grand jury, but he asserted, and the court below found as a fact, that he had called at least four witnesses before the grand jury who were sworn and testified to the allegations contained in the indictments.

This precise question has not been decided in this Commonwealth by either appellate court. *Com. v. Ross,* 58 Pa. Superior Ct. 412, appellants' main prop, does not rule this case; there no testimony other than that recorded in a prior proceeding had been presented to the grand jury. We approve and adopt the general principle, almost universally recognized, that an indictment is not vitiated by the introduction of some incompetent or illegal evidence before the grand jury if there is any legal or competent evidence on which the indictment might be found. 42 C. J. S., Indictments and Informations, §§24, 209; 27 Am. Jur., Indictments and Informations, §167. For an exhaustive discussion of important aspects of the problem, and a review of pertinent Pennsylvania cases, see *Com. v. Feenix,* 6 D. & C. 15, by Judge, now Mr. Justice, HORACE STERN.

II. The twelfth assignment alleges error in that portion of the charge where, according to the transcript, the trial judge said: "It is incumbent upon a defendant to come in Court when he is indicted and to show to the jury by the evidence that he adduces that he is not guilty . . ." Immediately preceding that sentence he said that "the Defendants come before this Court presumed to be innocent," and the quoted sentence continues, ". . . but the burden rests upon the Commonwealth to satisfy you as jurors, and to satisfy you beyond a reasonable doubt of the guilt of the Defendants . . ."

Judge SHULL died before the transcript was filed, and had no opportunity to inspect or to correct it. Although the record imports verity, the context irrefragably demonstrates that in the spoken charge the word "not" preceded "incumbent", and was inadvertently omitted by the reporter. Cf. *Com. v. Quinn,* 144 Pa. Superior Ct. 400, 19 A. 2d 526.

III. There is merit in the fourteenth assignment which complains of the failure to charge on the duties

of election officers. The trial judge did indeed refer to the duties of election officers, but too sketchily, and he did not sufficiently differentiate the distinctive duties which the code expressly imposes upon some election officers and does not cast upon others. In cases of this character, where an entire board is jointly tried upon indictments charging all with certain crimes and part of the board with other offenses, it is the duty of the court, even without request, to instruct the jury thoroughly and explicitly as to the respective duties of each of the officers and clerks, and to point out that their duties are not identical but vary under the statute. *Com. v. Cover,* 83 Pa. Superior Ct. 402, affirmed, 281 Pa. 429, 126 A. 786; *Com. v. Sylvanus,* 77 Pa. Superior Ct. 410; *Com. v. Degnan,* 50 Pa. Superior Ct. 354, and cf. *Com. v. McDermott,* 152 Pa. Superior Ct. 208, 213, 31 A. 2d 601.

IV. The fifteenth assignment questions the charge relating to character evidence and specifically the following: "Now, we do not say to you that the mere fact that one enjoyed a good reputation up until the time of the offense with which they are charged, does raise such doubt, but it may raise such doubt when you consider it *and measure it with all of the testimony directly affecting or leading directly to the particular incidents in which he is charged.*" (Emphasis added.)

A quotation from *Com. v. Cate,* 220 Pa. 138, 140, 69 A. 322, is pertinent: "While this instruction might be understood by the legal mind as fairly within the rule . . . it would be confusing to jurors and might lead them to disregard evidence of good character altogether, if from all the other evidence they reached the conclusion that defendant was guilty."

There was error in the statement that the character evidence was to be *measured* with the other testimony in the case. Since the only other testimony was produced by the Commonwealth, the charge necessarily

meant that the evidence of good character was to be measured, that is, qualitatively analyzed, appraised, weighed and judged, in the relation it bore to, and by comparison with, the Commonwealth's case, and its strength and value determined, not upon the basis of its own intrinsic worth but according to the standard of merit fixed by the Commonwealth's evidence. Thus there was eliminated from the rule governing the weight of character evidence the essential principle that, however convincing may be the Commonwealth's case, character evidence of itself, without more, may produce a reasonable doubt or a conclusion of innocence, and result in an acquittal.

Evidence of good character is substantive and positive evidence, not a mere make-weight to be considered in a doubtful case, and, according to all our authorities, is an independent factor which may of itself engender a reasonable doubt or produce a conclusion of innocence. *Hanney v. Com.,* 116 Pa. 322, 9 A. 339; *Com. v. Cleary,* 135 Pa. 64, 19 A. 1017; *Com. v. Chester,* 77 Pa. Superior Ct. 388. To be sure, it is to be *considered* with all the other evidence in the case. *Com. v. Dingman,* 26 Pa. Superior Ct. 615. But it is not to be *measured* with or by other evidence. Its probative value, its power of persuasion, does not depend upon, and is not to be measured by, or appraised according to, the might or the infirmity in the Commonwealth's case. *Hanney v. Com.,* supra. Even though, under all the other evidence a jury could reach a conclusion of guilt, still if the character evidence creates a reasonable doubt or establishes innocence a verdict of acquittal must be rendered. *Com. v. Cate,* supra. For judicially approved points for charge on character evidence, see *Com. v. Stoner,* 265 Pa. 139, 142, 108 A. 624, and for a helpful review of illustrative cases, see the opinion by Mr. Justice, now Chief Justice, MAXEY, *Com. v. Giovanetti,* 341 Pa. 345, 358, 19 A. 2d 119.

The fourteenth and fifteenth assignments of error are sustained; the other assignments are overruled. Not only those discussed, but all assignments have been exhaustively examined. With no intent to intimate that the evidence upon the point was insufficient, we suggest that at the next trial the Commonwealth may be able to supplement its proof by showing that all of the appellants were duly elected or appointed election officers. And now that the war is over there will be no occasion for repeating the trial judge's final patriotic admonition to the jury.

The judgments and sentences are reversed and a new trial awarded as to all appellants.