## Commonwealth v. Evans

*Bruce Anders,* assistant district attorney, for the Commonwealth.
*Ferris Webby,* for defendant.

PODCASY, *J.,* May 3, 1985—This matter comes before the court on the motions of defendant, Richard Evans, for a new trial and/or in arrest of judgment after his conviction by a jury of the crimes of involuntary deviate sexual intercourse, indecent assault, and corruption of minors. Defendant bases his motions on the following question:

"Did the court err in not allowing counsel for the defendant to question the defendant's character witness, James Jump, concerning the defendant's character as it pertains to non-violence and/or peaceful behavior?"

In this regard, referring to N.T. 154, etc., defense counsel on direct examination asked defendant's character witness, James Jump, as follows:

"Can you tell this jury what that reputation is as it concerns itself with truth and veracity?"

The court responded: "That's immaterial. "As to his moral character would be the proper question. He's not being tried for perjury."

Defense counsel next asked:

"Q. Can you tell the jury what his reputation is concerning violence or non-violence?

A. I can.

Q. What is that reputation?

Mr. Anders (assistant district attorney): Objection . . .

The court: Sustained . . . ."

. . . The court: "As to his moral character. He's charged with crimes of immorality."

By Mr. Webby:

"Q. Mr Jump, do you know Mr. Evans' reputation as to his moral character.

A. I feel I do, yeah.

Q. Is that through your knowledge of him in both the work environment and socially?

A. Yes.

Q. What is his reputation as to his moral character?

A. Good; excellent. I have children myself —."

The court, then, in instructing the jury stated at N.T. 210:

· "You have heard the testimony of James Jump, who testified as to the reputation of the defendant,

Mr. Evans, in the matter of the defendant being of good moral character. That testimony is known in our law as character evidence.

In this connection, the court instructs you that in addition to the other testimony in this case which the defendant has produced, he has offered evidence of previous good character; that is, his good character as a person of good moral conduct.

Evidence of good character is positive and substantial testimony in the defendant's behalf. It is to be considered by you along with all the other testimony in the case in determining the question of the defendant's guilt or innocence. It does not raise a distinct issue. In some cases, evidence of good character may of itself raise a reasonable doubt entitling the defendant to an acquittal.

But when, after a careful consideration of all the testimony in the case, including that of good character, a jury is satisfied beyond a reasonable doubt of the defendant's guilt, he should be convicted.

If, however, after a careful consideration of all the testimony in this case, including that of good character, you are not satisfied beyond a reasonable doubt of the defendant's guilt, he should of course be acquitted."

From the foregoing we find no error in the court's rulings as to character evidence nor in the court's instructions to the jury on this subject. The crimes which were charged were crimes of immorality and evidence of good character as to truthfulness and violence or non-violence was properly excluded as not being relevant.

It has long been the law in this Commonwealth that a defendant in a criminal trial may introduce evidence of his own good character in order to attempt to convince the trier of facts of his innocence. Commonwealth v. Sampson, 445 Pa. 558, 285 A.2d

480 (1971); McCormick on Evidence, §191 (2d. Ed. 1972). As stated by the court in Commonwealth v. Padden, 160 Pa. Super. 269, 50 A.2d 722 (1947):

"Evidence of good character is substantial and positive evidence, not a mere make way to be considered in a doubtful case, and according to all our authority, is an independent factor which may of itself engender a reasonable doubt or produce a conclusion of innocence."

Since the crimes in the instant matter were crimes of morality and not crimes of violence, per se, such as robbery, aggravated assault, or simple assault, we conclude that the court was correct in confining the testimony of the character witness to that of the reputation of the defendant in the community as to morality. Furthermore, we feel that the court was more than considerate in instructing the jury in this regard when in fact the said witness testified on cross-examination that he talked to no-one in the community concerning his morality and that this was solely the witness's opinion of defendant's reputation.

Based on all of the foregoing, we determine that while defendant may not have been granted a perfect trial, he was granted, as is his right, a fair and an impartial trial.

Accordingly, we enter the order which follows.

## ORDER

Now, this May 3, 1985, it is hereby ordered, adjudged and decreed that the motions of defendant, Richard Evans, for a new trial and/or in arrest of judgment are denied.

Defendant is ordered to appear for sentencing on May 28, 1985, at 1:30 p.m., in court room No. 1, Luzerne County Court House, Wilkes-Barre, Pa.