J-S22037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BARRY R. BUCHTER, | : | |
| | : | |
| Appellant | : | No. 1570 MDA 2015 |

Appeal from the Order Entered August 31, 2015
in the Court of Common Pleas of Lancaster County,
Criminal Division, at No(s): CP-36-CR-0002916-2011

BEFORE:   MUNDY, DUBOW, and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.:                **FILED MAY 17, 2016**

Barry R. Buchter (Appellant) appeals from the August 31, 2015 order

which denied his petition filed pursuant to the Post Conviction Relief Act

(PCRA), 42 Pa.C.S. §§ 9541-9546.    We affirm.

The PCRA court summarized the history of the case as follows.

> On July 26, 2011, [Appellant] was charged by the District
> Attorney of Lancaster County with one count of rape, four counts
> of involuntary deviate sexual intercourse with a person less than
> 16 years of age, two counts of aggravated indecent assault of a
> person less than 16 years of age, one count of incest, one count
> of unlawful contact with a minor, one count of corruption of
> minors and two counts of indecent assault of a person less than
> 16 years of age.
>
> On January 10, 2012, following a jury trial, [Appellant]
> was found guilty of all charges.  On April 17, 2012, after a pre-
> sentence investigation, [Appellant] was sentenced to an
> aggregate term of not less than 24 nor more than 48 years [of]
> incarceration, followed by 5 years [of] consecutive probation.

---

*Retired Senior Judge assigned to the Superior Court.

The [trial c]ourt also found that [Appellant] was a sexually violent predator.

[Appellant] filed a timely appeal to the Superior Court, and on April 5, 2013, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Buchter*, 75 A.3d 546 (Pa. Super. 2013) ([unpublished memorandum]). [Appellant] did not seek further review in the Pennsylvania Supreme Court.

On April 15, 2013, [Appellant] filed a *pro se* motion for post conviction collateral relief. Counsel was appointed, and on July 29, 2014, [Appellant's] current attorney filed an amended motion on his behalf.

A hearing on the motion was held on October 28, 2014. [Appellant's] petition was denied by opinion and order dated August 31, 2015. On September 16, 2015, [Appellant] filed a timely notice of appeal. On September 24th, 2015, [Appellant] filed his statement of errors complained of on appeal.

PCRA Court Opinion, 9/25/2015, at 1-2 (footnotes omitted).

Appellant presents two questions for our review.

A. Whether the [PCRA] court erred when it denied the [Appellant's] amended PCRA [petition] when counsel was ineffective by failing to call Cindy Buchter as a witness at trial when she could have presented relevant testimony which would have impeached the credibility of the victim and enabled [Appellant] to obtain a verdict of not guilty?

B. Whether the [PCRA] court erred when it denied the [Appellant's] amended PCRA [petition] when counsel failed to call Lorelei Buchter and Denise Buchter as witnesses at trial when they were ready, willing and able to present relevant character testimony which would have likely resulted in a verdict of not guilty?

Appellant's Brief at 4 (unnecessary capitalization omitted).

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the

- 2 -

PCRA court is supported by the evidence of record and is free of legal error.'"

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting

***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Appellant's claims are based upon the alleged ineffective assistance of his trial counsel.

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

> Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

***Commonwealth v. Steckley***, 128 A.3d 826, 831 (Pa. Super. 2015)

(internal citations omitted).

Because Appellant argues that trial counsel was ineffective for failing to call certain witnesses, the following standards also are applicable.

> To establish ineffectiveness for failure to call a witness, Appellant must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness.

*Commonwealth v. Todd*, 820 A.2d 707, 712 (Pa. Super. 2003) (quoting

*Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super. 2002)).

With these principles in mind, we turn to the substance of Appellant's questions. Appellant first claims that he would have been acquitted of the charges had counsel called Cindy Buchter (Appellant's sister) as a witness at trial to impeach the victim's credibility. Appellant's Brief at 13.

The PCRA court offered the following summary of the relevant testimony.

> At the hearing on [Appellant's] amended post conviction motion, Ms. Buchter testified that she was available at the time of trial to testify on behalf of [Appellant]. Prior to trial and at the time of [Appellant's] post conviction hearing, Ms. Buchter lived in Portland, Oregon. She stated she was in frequent contact by telephone with the victim, A.B., for the two or three months immediately after A.B. made the allegations against [Appellant]. Ms. Buchter last spoke to A.B. at least six months or more before [Appellant's] trial. She testified that A.B. confessed to her that the accusations A.B. had made against [Appellant] were not true, and that A.B. was afraid she would go to jail if she told the truth.

> Although Ms. Buchter admitted to being in constant contact with her mother and brother Darrell, and discussing [Appellant's] case with them, she stated she could not reach her mother by telephone to determine the date of trial. She also claimed that when she was able to get into contact with her brother, Darrell, he informed her that the trial was nearly over.

> Trial counsel testified that he spoke to Ms. Buchter at least once and that his staff spoke to her several more times prior to trial. Ms. Buchter told trial counsel that it would be a hardship to travel from Portland, Oregon, to Pennsylvania to attend [Appellant's] trial. Ms. Buchter did not appear at sentencing, but she submitted a letter to the [c]ourt which stated that her absence was due to the "severe financial hardship" in traveling

- 4 -

from Oregon to Pennsylvania and difficulty in obtaining leave from work.

Having resolved all issues of credibility, the [PCRA c]ourt finds that [Appellant] has failed to meet his burden of showing that Ms. Buchter was available to testify at trial and that she would have testified in [Appellant's] favor. The [c]ourt credits trial counsel's testimony that Ms. Buchter informed him of her hardship to attend the trial due to difficulty in traveling across the country to Pennsylvania. This hardship was admitted by Ms. Buchter in her letter to the [c]ourt at sentencing, a hearing at which she also did not appear. Ms. Buchter's claim that she was available for trial and could not find out the trial date until the trial's end is not credible. She admitted to being in constant contact with her mother, who testified at trial, and brother, discussing [Appellant's] case with them and ultimately learning of the trial date from her brother. Her statements professing ignorance of the trial date are not credible in light of other circumstances.

Ms. Buchter's claim that she would have testified in [Appellant's] favor about her conversation with A.B. in which A.B. informed her that A.B.'s accusations against [Appellant] were untrue is also unpersuasive. Ms. Buchter testified that she told trial counsel's secretary that A.B. admitted to the falsity of her allegations against [Appellant]. However, trial counsel testified that Ms. Buchter told him that A.B. indicated that the incidents with [Appellant] had taken place and, under the circumstances, Ms. Buchter was interested in taking custody of A.B. to provide support for her since [Appellant] and his wife wished to terminate their parental rights.

PCRA Court Opinion, 8/31/2015, at 6-9 (citations omitted).

Appellant's position that the PCRA court erred is dependent upon his claim that Cindy Buchter's testimony at the PCRA hearing was credible. *See*, *e.g.*, Appellant's Brief at 17 ("She had absolutely no motive to lie and credibly expressed her concern for her niece."); *id.* at 19 ("The [PCRA c]ourt reasoned that there was a lack of proof that Ms. Buchter would testify

favorably to [Appellant]. Once again, that is contradicted by Ms. Buchter's testimony at the [PCRA] hearing. Is there any reason to believe that she would [] not have testified favorably at the time of the trial?").

However, because the PCRA court's factual findings are supported by the record,[1] this Court cannot and will not disturb its credibility determinations. **Commonwealth v. Eichinger**, 108 A.3d 821, 830 (Pa. 2014) ("A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court."). The PCRA court did not abuse its discretion in finding that Appellant failed to offer credible evidence that Cindy Buchter was available and willing to testify favorably for Appellant at trial. Therefore, Appellant's first issue entitles him to no relief from this Court.

Appellant next claims that trial counsel was ineffective in not eliciting character testimony from Lorelei Buchter (his mother) and Denise Buchter (his wife). Appellant's Brief at 20. We begin with a review of the pertinent legal principles.

Evidence of a person's character is generally inadmissible as proof that the person acted consistent with that character on any particular occasion. Pa.R.E. 404(a)(1). However, a criminal defendant may offer evidence of his or her pertinent character trait as substantive evidence that he or she did not commit a charged crime. Pa.R.E. 404(a)(2)(A); **Commonwealth v.**

---

[1] **See generally** N.T., 10/28/2014, at 3-59.

*Padden*, 50 A.2d 722, 725 (Pa. Super. 1947). Further, subject to statutory exceptions, "a defendant may offer evidence of an alleged victim's pertinent trait" as part of his or her defense. Pa.R.E. 404(a)(2)(B). "[O]ur Supreme Court has interpreted the term 'pertinent' to refer to a character trait that is relevant to the crime charged against the accused." *Commonwealth v. Minich*, 4 A.3d 1063, 1071 (Pa. Super. 2010).

While counsel did call Appellant's wife and mother to testify for the defense, Appellant maintains that these witnesses also should have been questioned about both the victim's reputation for dishonesty and Appellant's reputation for being a law-abiding person who does not have inappropriate sexual contact with children. Appellant's Brief at 20-24.

The PCRA court held that Appellant failed to show he was prejudiced by trial counsel's failure to elicit reputation testimony from Denise and Lorelei Buchter.

> Evidence was presented to the jury about [Appellant's] good behavior toward A.B., even though Mrs. Buchter and Lorelei Buchter were not specifically asked about [Appellant's] reputation for not molesting children. Trial counsel did introduce testimony through Lorelei Buchter that [Appellant] was "always good to … [A.B.]" and praised her accomplishments. Mrs. Buchter and Lorelei Buchter both testified that they never witnessed [Appellant] make inappropriate contact with A.B.
>
> Evidence was also introduced which suggested that A.B. was dishonest even though no reputation testimony was offered that A.B. was an untruthful person. Trial counsel introduced testimony through Mrs. Buchter that A.B. had forged a teacher's signature and skipped class, and engaged in fights with other students that resulted in her repeated suspension from school.

> Additionally, evidence was presented that A.B. was angry at [Appellant] for taking away her hunting, telephone and TV privileges, and counsel suggested that A.B. had fabricated the allegations against [Appellant] in response to the discipline she received from him.

PCRA Court Opinion, 8/31/2015, at 10-11 (citations omitted).

Thus, the jury heard evidence that A.B. had a motive to lie and had been untruthful in the past. At the PCRA hearing, Denise Buchter conceded that the reputation evidence she had to offer came out at trial from other sources. N.T., 10/28/2014, at 63-34.

At trial, Denise and Lorelei Buchter informed the jury that they had no reason to believe that Appellant had inappropriate contact with A.B. The PCRA hearing transcript reveals that they had little more to offer regarding evidence of Appellant's character. While Denise Buchter testified at the PCRA hearing that she would have testified that Appellant's "reputation in the community was that he was not known as a child molester[,]" *id.* at 34, that is not evidence of a positive, pertinent character trait; rather, it is evidence that Appellant lacked a reputation for a negative, pertinent character trait.

Lorelei Buchter's PCRA testimony shows that she had no evidence to offer at trial about a pertinent character trait of Appellant's. She indicated that Appellant had no reputation in the community regarding children; the community did not talk about Appellant and his interactions with children. *Id.* at 72. The "character evidence" Appellant's mother was willing to offer

is that he was a hard worker and helped people. *Id.* at 71-72. Such traits are not pertinent, as they are not "relevant to the crime charged against the accused." *Minich*, 4 A.3d at 1071.

The PCRA court was unpersuaded that the additional evidence proffered at the PCRA hearing would have resulted in a different outcome.

A.B. testified that she was sexually assaulted by [Appellant] on six different occasions over three years through the use of [Appellant's] fingers, penis, mouth and two different sex toys. A.B.'s friend Justina Moyer witnessed A.B. telephone Mrs. Buchter and overheard A.B. state that [Appellant] had pulled down her pants and started touching her, and made mention of a dildo. Almost immediately thereafter, Ms. Moyer informed a school counselor of the conversation and A.B. admitted to the counselor that she had been sexually abused by [Appellant].

On December 2, 2010, Trooper Chadwick Roberts executed a search warrant at [Appellant's] home, and A.B. led him to the location of the two sex toys. DNA testing revealed that A.B.'s DNA was present on both sex toys and a partial DNA profile matching [Appellant's] DNA was present on the purple sex toy. The forensic DNA scientist testified that the amount of A.B.'s DNA present on both sex toys indicated that A.B.'s DNA was not deposited by merely touching the toys. Mrs. Buchter testified that these sex toys had been used with her on November 25, 2010, just seven days before they were seized by the State Police on December 2, 2010. Mrs. Buchter stated that the toys were not washed after they were used on November 25, 2010, and she could not explain why her DNA was not found on the toys.

A constable who interacted with [Appellant] testified that while he and [Appellant] were having a conversation about the magisterial district judge's order to have "no contact" with A.B., [Appellant] stated, "If I had the chance, I would do it again."

[Appellant] testified that he was interviewed by Trooper Roberts at the Ephrata police station on December 2, 2010. This interview was audio recorded with [Appellant's] consent. At

trial, [Appellant] testified and characterized Trooper Robert's conduct during this interview as accusatory and confrontational. Although the content of the interview was not transcribed in the record, the Commonwealth played the recording for the jury after [Appellant's] testimony. In the opinion of trial counsel, the audio recording of the interview "completely contradicted" [Appellant's] trial testimony. In closing argument, the Commonwealth suggested that [Appellant's] responses in the recorded interview showed, *inter alia*, that [Appellant] lied when he testified that he discovered A.B. using the sex toys on herself around Thanksgiving Day in 2010.

[Appellant] has failed to prove that, in light of the totality of the evidence, there is a reasonable probability that the result of the trial would have been different had trial counsel elicited reputation testimony about [Appellant] and A.B. from Mrs. Buchter and Lorelei Buchter. …

PCRA Court Opinion, 8/31/2015, at 11-13 (citations omitted).

Once again, the PCRA court's factual findings are supported by the record. Viewing the evidence as a whole, we conclude that the PCRA court did not err in holding that Appellant failed to prove that he suffered prejudice from counsel's failure to elicit the available reputation testimony. *Commonwealth v. Tharp*, 101 A.3d 736, 760-61 (Pa. 2014) (holding that, although "character evidence alone may be sufficient to raise a reasonable doubt and, thus, justify an acquittal," PCRA relief is not due where "the presentation of character evidence under the facts presented would not have created in the minds of the jury a reasonable doubt"). Accordingly, he is entitled to no relief from this Court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016