J-S34001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JOHN HUDAK | : | |
| | : | |
| Appellant | : | No. 1814 WDA 2016 |

Appeal from the PCRA Order October 17, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004843-2011

BEFORE: BOWES, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 29, 2018**

Michael John Hudak appeals from the October 17, 2016 order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant was charged with various crimes related to his sexual assault of a six-year-old girl in 2011. At trial, the Commonwealth offered testimony from the victim, two police detectives, and a pediatric nurse practitioner. *See* N.T. Trial, 2/13-15/12, at 51-118. Appellant testified in his own defense, and called as a character witness Maria Combs, Appellant's paramour of eighteen years and the mother of his five children, who testified that Appellant has a reputation within the community for truthfulness. *See id*. at 119-58.

A jury convicted Appellant of rape of a child, aggravated indecent assault of a child, involuntary indecent sexual intercourse with a child, indecent assault of a person less than thirteen years of age, and endangering the

_____
* Retired Senior Judge assigned to the Superior Court.

welfare of a child. Appellant was sentenced to an aggregate term of forty to eighty years imprisonment. This Court affirmed Appellant's judgment of sentence on *nunc pro tunc* direct review, and our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Hudak**, 105 A.3d 787 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 106 A.3d 724 (Pa. 2014).

Appellant, through counsel, filed a timely PCRA petition on November 16, 2015. The PCRA court held a hearing on October 12, 2016. The docket reflects that the PCRA court denied Appellant's petition by order of October 17, 2016; however, contrary to the mandates of Pa.R.Crim.P. 114(C)(2)(c), the docket does not indicate when, or if, the order was served upon the parties.

Appellant, through counsel, next filed an "Omnibus Post-Sentence Motion" in which counsel sought time to review the PCRA hearing transcript and discuss the case with Appellant. Omnibus Post-Sentence Motion, 10/20/16, at unnumbered page 2. The Commonwealth responded with an objection, properly noting that an appeal, not a post-sentence motion, is the appropriate step for Appellant to utilize in challenging the denial of his PCRA petition. Commonwealth's Objection, 10/24/16, at 3. On November 4, 2016, the PCRA court signed an order denying Appellant's motion, and indicating that Appellant had thirty days from the denial of his PCRA petition to file an

appeal to this Court. Order, 11/4/16. However, the docket does not reflect service of the order upon the parties.

Appellant filed a notice of appeal on November 23, 2016, which was more than thirty days from the date of the order denying his PCRA petition.[1] The PCRA court ordered Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, but, despite the grant of extensions, none was filed. This Court dismissed the appeal for Appellant's failure to file a docketing statement as required by Pa.R.A.P. 3517, then reinstated it upon Appellant's motion. Counsel later filed a petition to remand the case pursuant to Pa.R.A.P. 1925(c)(3), to rectify his failure to file the Rule 1925(b) statement. This Court granted the request, and both Appellant and the PCRA court complied with Rule 1925.

Before we consider the merits of Appellant's issue, we address the Commonwealth's contention that this appeal should be quashed as untimely. **See** Commonwealth's brief at 14-17. As noted above, the PCRA court dismissed Appellant's petition by order dated October 17, 2016, but Appellant did not file his notice of appeal until November 23, 2016. As such, the Commonwealth argues, the appeal was untimely under Pa.R.A.P. 903

_____

[1] Appellant purported to appeal from the November 4, 2016 order denying his ill-conceived post-sentence motion. However, the appeal is properly taken from the order that denied his PCRA petition. **See** Pa.R.Crim.P. 910 ("An order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.").

(requiring appeal to be filed within thirty days of the entry of the order from which the appeal is taken).

If the PCRA court's October 17, 2016 order had been docketed in compliance with Pa.R.Crim.P. 114, we would indeed quash this appeal as untimely as the Commonwealth suggests. However, the failure of the clerk of courts to comply with Rule 114 renders this appeal timely. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa.Super. 2000) ("Our review of the docket entries discloses no indication that the clerk furnished a copy of the order to Appellant. Thus, we assume the period for taking an appeal was never triggered and the appeal is considered timely."); **see also Commonwealth v. Chester**, 163 A.3d 470, 472 (Pa.Super. 2017) (holding order to file Rule 1925(b) statement was unenforceable where there was no indication on the docket of the date of service of the order requiring its filing). Accordingly, we shall proceed to the merits of Appellant's issue.

Appellant presents one question for this Court's review: "Was trial counsel effective despite his failure to call or even interview several character witnesses who would have testified to [Appellant's] reputation for truthfulness and for being a law-abiding citizen?" Appellant's brief at 4.

We begin with principles relevant to our consideration of Appellant's claim. "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." **Commonwealth**

- 4 -

*v. Jordan*, 182 A.3d 1046, 1049 (Pa.Super. 2018). Counsel is presumed to be effective, and a PCRA petitioner bears the burden of proving otherwise. *Commonwealth v. Becker*, 192 A.3d 106 (Pa.Super. 2018). To do so, the petitioner must plead and prove (1) the legal claim underlying his ineffectiveness claim has arguable merit; (2) counsel's decision to act (or not) lacked a reasonable basis designed to effectuate the petitioner's interests; and (3) prejudice resulted. *Id*. The failure to establish any prong is fatal to the claim. *Id*.

When claiming that counsel was ineffective in failing to call a witness, a PCRA petitioner must also establish that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa. 2007).

Appellant claims that counsel was ineffective in failing to call a number of character witnesses. Evidence of a person's character is generally inadmissible as proof that the person acted consistent with that character on any particular occasion. Pa.R.E. 404(a)(1). However, a criminal defendant may offer evidence of his or her pertinent character trait as substantive evidence that he or she did not commit a charged crime. Pa.R.E. 404(a)(2)(A); *Commonwealth v. Padden*, 50 A.2d 722, 725 (Pa.Super. 1947). Further, subject to statutory exceptions, "a defendant may offer

- 5 -

evidence of an alleged victim's pertinent trait" as part of his or her defense. Pa.R.E. 404(a)(2)(B). "[O]ur Supreme Court has interpreted the term 'pertinent' to refer to a character trait that is relevant to the crime charged against the accused." *Commonwealth v. Minich*, 4 A.3d 1063, 1071 (Pa.Super. 2010).

Here, Appellant claims that counsel should have presented additional character witnesses to testify that Appellant has a reputation for truthfulness and for being law-abiding. Appellant's brief at 28-29. He contends that, because this was "a purely testimonial case," with no physical evidence, Appellant's "character was perhaps the central issue at trial." *Id*. at 30.

Assuming *arguendo* that Appellant established that the witnesses in question were known to trial counsel and were willing and available to testify for the defense, Appellant has not convinced us that the PCRA court erred or abused its discretion in holding that Appellant was not prejudiced by counsel's decision to call only one character witness.

First, as the Commonwealth argues, Appellant's character for truthfulness was not a trait pertinent to the crimes at issue. *See* Commonwealth's brief at 26-28. Our rules of evidence provide that, "A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness. But **evidence of truthful character is admissible only after the**

**witness's character for truthfulness has been attacked**." Pa.R.E. 608(a)

(emphasis added).

> In Pennsylvania, a witness's truthfulness may be attacked by showing that he or she has a bad reputation for truth and veracity. If a witness is impeached by proof of bad reputation for truth and veracity, evidence may then be admitted to prove good reputation for truth and veracity. **Evidence in support of the general reputation of a witness for truth and veracity, however, is not competent until his or her general reputation has been assailed**. Every witness puts his or her character in issue; but until evidence tending directly to impeach it is produced, the law presumes it to be good, and therefore testimony to prove it good is superfluous.

*Commonwealth v. Fisher*, 764 A.2d 82, 86-87 (Pa.Super. 2000) (emphasis

added). "[W]here the prosecution has merely introduced evidence denying or

contradicting the facts to which the defendant testified, but has not assailed

the defendant's community reputation for truthfulness generally, evidence of

the defendant's alleged reputation for truthfulness is not admissible."

*Commonwealth v. Fulton*, 830 A.2d 567, 573 (Pa. 2003) (Opinion

Announcing the Judgment of the Court).

Our review of the trial transcripts revealed no instances of the

Commonwealth attacking Appellant's reputation for truthfulness. Accordingly,

character evidence as to truthfulness was not relevant. *See*, *e.g.*, *Fisher*,

*supra* at 87 (holding evidence as to the defendant's character for truthfulness

was properly barred where "at no time did the Commonwealth attack, impugn

or otherwise besmirch [the defendant's] general reputation in the community

for telling the truth" and, therefore, the defendant was not permitted "to

enhance or bolster his testimony in the eyes of the jury by introducing collateral evidence to establish his reputation for telling the truth").

Moreover, counsel did manage to have Ms. Combs's testimony about Appellant's reputation for truthfulness admitted at trial. As such, we are not convinced that additional, cumulative testimony on that point was likely to lead to a different verdict. **See** PCRA Court Opinion, 2/21/18, at 5 (citing **Commonwealth v. Milligan**, 693 A.2d 1313, 1319 (Pa.Super. 1997) ("As a general rule, counsel will not be deemed ineffective for failing to call witnesses whose testimony is merely cumulative of that of other witnesses.")). **See also Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 782 (Pa.Super. 2015) (*en banc)* (affirming PCRA court's determination that counsel was not ineffective in presenting additional character evidence because "any additional character evidence would have been cumulative").

Second, Appellant also failed to demonstrate that the PCRA court erred in concluding that counsel was not ineffective in failing to offer evidence of Appellant's reputation for being a law-abiding citizen. A reputation for being law-abiding, unlike one for truthfulness, was obviously pertinent to the charges at hand. However, once Appellant offered such evidence, the Commonwealth would have been permitted to rebut it by questioning the character witnesses about specific instances of Appellant's conduct. **See** Pa.R.E. 404(a)(2)(A); Pa.R.E. 405(a)(1).

The certified record reveals that Appellant had a prior record score of three. **See** Guideline Sentence Form, 5/17/12. Accordingly, producing such character evidence at Appellant's trial would have opened the door to evidence that Appellant had a history of being the opposite of law-abiding, and/or demonstrated that his character witnesses were unaware of the criminal record of this supposedly-law-abiding citizen. We cannot conclude that counsel's failure to call witnesses who would have opened the door to damaging, otherwise-inadmissible evidence "was so prejudicial as to have denied [Appellant] a fair trial." **Washington**, **supra** at 599. **See also Commonwealth v. Morales**, 701 A.2d 516, 526 (Pa. 1997) ("Trial counsel cannot be deemed ineffective for failing to present character witnesses who could have been cross-examined about appellant's prior [convictions].").

Therefore, Appellant has failed to meet his burden of convincing this Court that the PCRA court erred and that relief is due. **Commonwealth v. Feliciano**, 69 A.3d 1270, 1275 (Pa.Super. 2013).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2018

- 9 -