J-S22043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAYSON MELENDEZ-BONILLA, | : | |
| | : | |
| Appellant | : | No. 1047 MDA 2015 |

Appeal from the PCRA Order May 29, 2015
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0003537-2011

BEFORE:     MUNDY, DUBOW, and STRASSBURGER,* J.

MEMORANDUM BY STRASSBURGER, J.:                **FILED APRIL 13, 2016**

Jayson Melendez-Bonilla (Appellant) appeals from the May 29, 2015 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.    We affirm.

On February 2, 2012, Appellant was sentenced to an aggregate term of 80 to 160 years of imprisonment after a jury convicted him for numerous crimes in connection with Appellant's firing shots at four law enforcement officers in Reading.[1]   In 2013, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal.   ***Commonwealth v. Melendez-Bonilla***, 69 A.3d 1298 (Pa. Super.

_____

[1] Specifically, Appellant opened fire on officers Tina Falstitch, Aaron Andre, Matt Hafer, and Mark Hackney, and the jury found Appellant guilty of attempted homicide; firearms not to be carried without a license; and four counts each of assault of law enforcement officer, aggravated assault, and recklessly endangering another person.

*Retired Senior Judge assigned to the Superior Court.

2013) (unpublished memorandum), *appeal denied*, 79 A.3d 1097 (Pa. 2013).

On January 31, 2014, Appellant *pro se* timely filed a PCRA petition raising six claims of ineffective assistance of counsel and one constitutional violation.  PCRA counsel was appointed shortly thereafter.  On December 2, 2014, after a change of counsel and several requests for extensions of time, counsel filed a request to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  On December 9, 2014, the PCRA court entered an order granting counsel leave to withdraw and filed notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907.  Appellant was granted two extensions of time for filing objections to the dismissal.  Rather than filing objections, Appellant filed an amended PCRA petition raising five new claims of ineffective assistance of counsel.  By order of May 29, 2015, the PCRA court dismissed Appellant's original and amended petitions.  This timely-filed appeal followed.

Appellant states ten[2] questions on appeal, which we paraphrase as follows, reordered for ease of disposition:

---

[2] In his statement of questions presented, Appellant also separately lists his contention that he "has substantiated the various claims of ineffective assistance of counsel."  Appellant's Brief at x.  However, in the corresponding portion of the argument section of his brief, Appellant does

     1.    Whether Appellant's constitutional rights were violated by his not having "a fair cross section of jurors."

     2.    Whether trial counsel was ineffective in stipulating to the admission of the report of the Commonwealth's expert witness.

     3.    Whether trial counsel's assistance was ineffective because he failed to challenge the qualifications of the Commonwealth's evidence technician.

     4.    Whether trial counsel provided ineffective assistance by proffering an unqualified expert.

     5.    Whether counsel was ineffective for not challenging the legality of his sentence.

     6.    Whether trial counsel was ineffective in failing to object to prosecutorial misconduct.

     7.    Whether trial counsel's performance was rendered constitutionally deficient by his failure to object timely to the prosecutor's statement of personal beliefs.

     8.    Whether trial counsel was ineffective in failing to move for a mistrial based upon the failure of one of the victims to testify.

     9.    Whether trial counsel provided ineffective assistance by neglecting to call character witnesses.

     10.    Whether trial counsel was ineffective in declining to request a mistrial when it was discovered that one of the jurors had a cell phone in the jury box.

See Appellant's Brief at ix-x.[3]

---

not raise any additional questions for this Court, but merely discusses the legal requirements for such claims generally. *Id.* at 12-13.

[3] For each claim of ineffective assistance of trial counsel, Appellant also claims that his appellate counsel was ineffective in failing to raise trial

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Appellant's first claim is that the lack of Hispanic jurors in his jury pool violated his rights under the federal Constitution's Equal Protection Clause and Sixth Amendment, as well as those under Article 1, § 9 of the Pennsylvania Constitution.[4]  Appellant's Brief at 8-10.  Appellant does not contend that counsel was ineffective for failing to object to the lack of potential jurors who share Appellant's ethnicity; rather, he makes a direct challenge to the composition of his jury pool.

Appellant could have raised this claim on direct appeal.  *See*, *e.g.*, *Commonwealth v. Estes*, 851 A.2d 933 (Pa. Super. 2004) (resolving on direct appeal claim that Allegheny County systematically excluded non-caucasian individuals from jury pools).  By failing to do so, he waived it.  *See*, *e.g.*, *Commonwealth v. Robinson*, 82 A.3d 998, 1005 (Pa. 2013)

---

counsel's ineffectiveness on Appellant's direct appeal.  Under *Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002), such claims are reserved for collateral review and may not be raised on direct appeal absent special circumstances not present in this case.  Thus, direct appeal counsel was not ineffective in failing to challenge trial counsel's effectiveness.

[4] "In all criminal prosecutions the accused hath a right to … a speedy public trial by an impartial jury of the vicinage…."  Pa. Const. Art. I, § 9.

("An issue is waived if appellant could have raised it but failed to do so before trial, at trial, ... on appeal or in a prior state postconviction proceeding." (internal quotation marks omitted)).

Appellant's issues two through five were not raised in his PCRA petition, but rather were included only in the "amendment and addendum" Appellant filed without leave of court after the PCRA court issued its notice of intent to dismiss. "Our procedural Rules contemplate that amendments to pending PCRA petitions are to be 'freely allowed to achieve substantial justice.' Pa.R.Crim.P. 905(A). … However… the Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court." *Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012). "[I]t is clear from the rule's text that leave to amend must be sought and obtained, and hence, amendments are not self-authorizing. Thus, for example, a petitioner may not simply amend a pending petition with a supplemental pleading." *Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014).

Here, Appellant simply filed an amendment to his pending petition without seeking or receiving leave of court. Thus, questions two, three, four, and five[5] stated above, which were raised in the amended petition but

---

[5] Appellant's fifth issue relates to counsel's failure to challenge the legality of his sentence. To the extent that Appellant's claim is an unwaivable one, we note that it is meritless.

Appellant contends that mandatory minimum sentences both for aggravated assault of a police officer (20 years under 42 Pa.C.S.

not in his original petition, are waived. *See id.* at 731 ("Therefore, since the present claim was not raised in Appellant's PCRA petition, and no request was made to amend the petition to include it, it is waived.").

Appellant's next two issues, numbers six and seven above, are listed in his brief among his questions presented but are not even mentioned, let alone developed, anywhere in his argument section. Accordingly, they are waived. *See*, *e.g.*, *Commonwealth v. Rush*, 959 A.2d 945, 951 (Pa. Super. 2008) (finding issue waived where the appellant failed "to present developed arguments and, in so doing, apply the relevant law to the facts of

---

§ 9719.1(a)) and for third-strike offenders (25 years pursuant to 42 Pa.C.S. § 9714(a)(2)) were applicable. Appellant's Brief at 6. The trial court sentenced Appellant to four consecutive terms of 20 to 40 years of imprisonment for the assaults on the four officers, and did not apply any third-strike mandatory. Appellant contends that he should have been sentenced only to one term of 25 years of imprisonment under 42 Pa.C.S. § 9716. Appellant's Brief at 7.

Section 9716 provides as follows: "Where two or more sections requiring mandatory minimum sentences are applicable, the court shall be bound by that section requiring the greater penalty." We have held that § 9716 speaks to situations in which more than one mandatory minimum sentence is applicable to a single crime, not to those in which a defendant commits multiple crimes that each carry one or more mandatory minimum sentences. *See Commonwealth v. McLaughlin*, 574 A.2d 610, 617 (Pa. Super. 1990) (affirming imposition of four mandatory minimum sentences to convictions stemming from McLaughlin's firing of a shotgun in a bar, killing one person and injuring three others). Because the trial court did not impose both 20-year and 25-year mandatory minimum sentences for each assault, § 9716 is inapplicable.

Moreover, this Court affirmed Appellant's sentence on direct appeal following a review of its discretionary aspects. *Melendez-Bonilla*, 69 A.3d 1298 (unpublished memorandum at 11-18). Therefore, Appellant's sentence not only is legal, it is the product of a valid exercise of sentencing discretion.

the case, persuade us there were errors, and convince us relief is due because of those errors").

Appellant's three remaining claims of ineffective assistance of trial counsel were raised in his original petition and argued in his brief. We review them under the following standards.

> [I]n order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

> Trial counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

*Commonwealth v. Steckley*, 128 A.3d 826, 831 (Pa. Super. 2015) (internal citations omitted).

Appellant's first preserved and developed ineffectiveness claim is that trial counsel was ineffective in not moving for a mistrial based upon the failure of one of the victims to testify. Appellant argues that his rights under the Sixth Amendment's Confrontation Clause were violated because he was sentenced for crimes against Officer Hackney although Officer Hackney did not testify at trial. Appellant's Brief at 7-8.

> The Confrontation Clause provides that in all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the **witnesses** against him. ... At its most basic

- 7 -

level, the Sixth Amendment's Confrontation Clause seeks to ensure that the trial is fair and reliable by preserving an accused's right to cross-examine and confront the **witnesses** against him.

***Commonwealth v. Collins***, 888 A.2d 564, 575 (Pa. 2005) (internal quotation marks and citations omitted; emphasis added).

Officer Hackney was not called as a witness against Appellant. Therefore, the Confrontation Clause gave him no right to confront and cross-examine Officer Hackney. Counsel cannot be found ineffective for failing to raise a claim of no arguable merit.[6] ***Commonwealth v. Ligons***, 971 A.2d 1125, 1146 (Pa. 2009) ("As the substantive [] claim lacks arguable merit, trial counsel cannot be deemed ineffective for failing to raise it….").

Appellant next claims that trial counsel was ineffective in not calling character witnesses to testify on Appellant's behalf. Appellant's Brief at 10.

> To establish ineffectiveness for failure to call a witness, Appellant must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed of the existence of the witness or counsel should otherwise have known him; (4) the witness was prepared to cooperate and testify for Appellant at trial; and (5) the absence of the testimony prejudiced Appellant so as to deny him a fair trial. A defendant must establish prejudice by demonstrating that he was denied a fair trial because of the absence of the testimony of the proposed witness.

---

[6] On direct appeal, counsel did challenge the sufficiency of the evidence to sustain Appellant's convictions as to all four officers, including Officer Hackney. This Court determined that the evidence was sufficient, based upon the testimony of the witnesses who were offered, and whom Appellant had the opportunity to confront and cross-examine. ***Melendez-Bonilla***, 69 A.3d 1298 (unpublished memorandum at 7-11).

*Commonwealth v. Todd*, 820 A.2d 707, 712 (Pa. Super. 2003) (quoting

*Commonwealth v. Khalil*, 806 A.2d 415, 422 (Pa. Super. 2002)).

Evidence of a person's character is generally inadmissible as proof that

the person acted consistent with that character on any particular occasion.

Pa.R.E. 404(a)(1).  However, a criminal defendant may offer evidence of a

pertinent character trait as substantive evidence that he did not commit a

charged crime.  Pa.R.E. 404(a)(2)(A); *Commonwealth v. Padden*, 50 A.2d

722, 725 (Pa. Super. 1947).  "[O]ur Supreme Court has interpreted the term

'pertinent' to refer to a character trait that is relevant to the crime charged

against the accused."  *Commonwealth v. Minich*, 4 A.3d 1063, 1071 (Pa.

Super. 2010).  The permissible means of establishing a pertinent character

trait are as follows:

**Rule 405. Methods of Proving Character**

**(a) By Reputation.** When evidence of a person's character or
character trait is admissible, it may be proved by testimony
about the person's reputation.  Testimony about the witness's
opinion as to the character or character trait of the person is not
admissible.

(1) On cross-examination of the character witness, the
court may allow an inquiry into relevant specific instances
of the person's conduct probative of the character trait in
question.

(2) In a criminal case, on cross-examination of a character
witness, inquiry into allegations of other criminal conduct
by the defendant, not resulting in conviction, is not
permissible.

**(b) By Specific Instances of Conduct.** Specific instances of conduct are not admissible to prove character or a trait of character, except:

> (1) In a civil case, when a person's character or a character trait is an essential element of a claim or defense, character may be proved by specific instances of conduct.

> (2) In a criminal case, when character or a character trait of an alleged victim is admissible under Pa.R.E. 404(a)(2)(B) the defendant may prove the character or character trait by specific instances of conduct.

Pa.R.E. 405.

Here, Appellant attached to his PCRA petition three affidavits which each contain the following language: "I was willing to testify as to [Appellant's] good nature, but was never called. I stand ready to testify, if this is so needed in any further proceedings." Affidavit of Karen Bridgeman; Affidavit of Monique Melendez; Affidavit of Katherine Melendez. None of the affidavits indicates that the witness was willing and able to testify as to Appellant's reputation in the community for any character trait. Moreover, Appellant fails to explain how having a "good nature" satisfies the pertinent-trait requirement of Pa.R.E. 404(a)(2)(A) as to any of the crimes with which he was charged. As such, we are unconvinced that Appellant was denied a fair trial by counsel's failure to call these three witnesses, and the PCRA court did not err in dismissing the claim.

Finally, Appellant argues that trial counsel was ineffective in failing to move for a mistrial because one of the jurors had a cell phone in the jury

- 10 -

box. Appellant's Brief at 11. Appellant states that a juror's mobile phone rang in the jury box during the trial, resulting in a staff person's taking the phone from the juror and giving it back at the end of the day. *Id.* at 12.

The only authority Appellant cites in support of this argument are irrelevant Pennsylvania Code provisions that govern note-taking by jurors and the types of materials jurors may take with them for deliberations. *Id.* at 11-12 (citing 234 Pa. Code. §§ 644 and 646). These regulations do not contradict the PCRA court's observation that "[j]urors are not prohibited from possessing cell phones." PCRA Court Opinion, 8/5/2015, at 7.

Appellant offers much speculation about things the juror could have been doing with a mobile phone, but does not allege and offer to prove that anything improper actually was done. Appellant baldly states that he was denied a fair trial, but gives no explanation how the ringing phone prejudiced him. Appellant has failed to convince us that the PCRA court erred in dismissing this claim. *See Commonwealth v. Hughes*, 865 A.2d 761, 785 (Pa. 2004) ("Given the presumption of effectiveness that attaches to prior counsel's actions, and as it is Appellant's burden to demonstrate eligibility for relief under the PCRA, mere conjecture does not establish an entitlement to relief.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016